## GILLMOR v. SALT LAKE CITY.

No. 1820.   Decided March 25, 1907 (89 Pac. 714).

MUNICIPAL CORPORATIONS — TORTS — AGENT OF STATE — LIABILITY.
    In the absence of a special statute, a city is not liable for trespass upon and injury to property by its police officers and persons under their direction while engaged in searching a river for a dead body, the act being not for the benefit of the city as a corporation, but for the public good generally, and though the stream could have been searched without trespass or injury, since the officers represented the city only to discharge the duty devolving upon the state, which was delegated to the city as the state's agent.

APPEAL from District Court, Third District; before Justice T. D. Lewis.

Action by Charles Gillmor against Salt Lake City. From a judgment of dismissal, plaintiff appeals.

AFFIRMED.

*C. S. Patterson* for appellant.

*Ogden Hiles* and *H. J. Dininny* for respondent.

### APPELLANT'S POINTS.

The general rule in relation to the liability of a municipal corporation for the tortious acts of its agents and servants has been stated as follows: "A municipal corporation is liable for the acts of its officers, servants and agents, done within the scope of their authority, though neither expressly authorized in advance nor subsequently ratified by it, or as the rule has been otherwise expressed, a city is liable for the acts of its representatives done *bona fide* in pursuance of a general authority to act for the city on the subject to which they relate." (20 Am. & Eng. Enc. (2nd Ed.), 1200; *Brown v. Cape Girardeau,* 90 Mo. 377; *Hunt v. Booneville,* 65 Mo. 620; *Shawneetown v. Mason,* 82 Ill. 337; *Ross v. Madison,* 1 Ind. 281; *Wallace v. Muscatine,* 4 Greene [Ia.] 373; *Hendershott v. Ottumwa,* 46 Iowa, 658; *Thayer v. Boston,* 19 Pick. [Mass.] 511; *Brink v. Dunmore,* 174 Pa. St. 395; *Memphis v. Lasser,* 9 Humph. [Tenn.] 757.) "It seems to be settled that a municipal corporation may be liable if the acts constituting the trespass were committed by one of its agents or servants while acting within the general scope of his official duties, and without any express authorization." (Williams' Municipal Liability for Torts, p. 52; *Quinn v. Paterson,* 27 N. J. L. 35; *Lee v. Sandy Hill,* 40 N. Y. 442; *Walling v. Shreveport,* 5 La. An. 660; *Mulcairns v. Janesville,* 67 Wis. 24; *Hawkes v. Charlemont,* 107 Mass. 417.)

### RESPONDENT'S POINTS.

Municipal corporations are not liable for the torts or negligence of policemen, because the duties of these officers are of

a public nature, and their appointment is devolved by the legislature on cities and towns and boroughs as a convenient mode of exercising a public function. (Vol. 1, Mod. Law of Municipal Corp., sec. 793; Williams' Municipal Liability for Tort, sec. 19; *Royce v. Salt Lake City,* 15 Utah 401, 405, 407; *Norristown v. Fitzpatrick,* 94 Pa. 121, 125; *Elliott v. Philadelphia,* 75 Pa. 347; 44 L. R. A., 795, 801; *Harris v. City of Atlanta,* 62 Ga. 290; *Cook v. City of Macon,* 54 Ga. 468; *McElroy v. Albany,* 65 Ga. 387; *Attaway v. Asterville,* 68 Ga. 740; *Lafayette v. Timberlake,* 88 Md. 330.) City not liable for assault and battery or false imprisonment by an officer. (*Caldwell v. City of Boone,* 51 Iowa 687, 2 N. W., 614; *Easterly v. Town of Irwin,* 99 Iowa 694, 68 N. W. 919; *Peters v. Lindsborg,* 40 Kan. 654, 20 Pac. 490; *Bullock v. City of Farrell,* 1 Allen [Mass.] 172, 173.)

A city is not liable for the acts of its officers while enforcing an invalid ordinance, or for other illegal or unauthorized acts, nor for the manner of exercising their powers and duties. (*City of Caldwell v. Prunelle,* 57 Kan. 511, 46 Pac. 949; *Town of Farrell v. Blue,* 1 Ind. App. 128.)

City not liable for act of officer in shooting a person while attempting to kill a dog. (*Culver v. City of Shentor,* 130 Ill. 238, 243, 245.)

When an officer of a municipality has no other authority than that intrusted to him by law, and he acts beyond that authority and commits a tort whereby a citizen is injured either in person or property, the tort is the action of the officer only, and ordinarily no recovery of damages can be had except as against him. (*Servis v. San Francisco,* 115 Cal. 648, 47 Pac. 687, 689; *Goddard v. Tapswell* [Me.], 30 A. S. R. 373.)


FRICK, J.

This is an action for damages for a trespass upon and injury to property alleged to have been committed by three police officers of the defendant city jointly with other persons. The plaintiff, in substance, alleges in his complaint that the defendant is a municipal corporation; that the plaintiff is

the owner of certain real estate, describing it; that a body of men under the direction and control of three police officers of the defendant city, naming them, were engaged in searching the Jordan river for a dead body supposed to be therein, and in doing so entered upon the inclosure of plaintiff on the land mentioned and trampled and cut up the land within the inclosure, greatly damaging the lucerne growing thereon, and injured and partially destroyed a large number of growing trees, and left a number of unexploded charges of dynamite or other explosives so near to the dam owned and used by plaintiff in said river that it is unsafe to go upon or near said dam for the purpose of making necessary repairs thereto, and therefore plaintiff will have to construct a new dam; that in making the search for said dead body it was not necessary for the men to trample down and injure plaintiff's crops, but such search could have been made along and near the bank of the river without injury to plaintiff; that plaintiff presented his claim for damages to the city council, and the same had not been allowed. There are some other allegations, but they are not material for the purposes of this decision. The plaintiff, upon substantially the foregoing allegations, demanded judgment for the sum of $614, his damages, and for costs. To this complaint the defendant demurred, upon the sole ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the plaintiff electing to stand on his complaint, the court dismissed the action, from which judgment of dismissal this appeal is prosecuted, and error is predicated on the action of the court sustaining the demurrer and in entering judgment of dismissal.

No question is presented in respect to the sufficiency of the complaint, if the defendant city can be held liable as a matter of law for the acts of the police officers in doing what it is alleged was done by them in searching the river for the dead body supposed to be therein. It was frankly conceded by counsel for plaintiff on the hearing, and is practically so conceded in his brief, that if the acts were done in the discharge of a governmental function by the city, then it would not be

liable, because the doctrine of *respondeat superior* would not apply. Counsel, however, contends that the act of searching the stream for the supposed dead body was not an act that falls within any governmental duty of the city, but insists that it was its duty to have the stream searched, or, at least, that it might properly direct it to be done through its police officers. The law in respect to the liability of municipal corporations in discharging governmental or public duties is well and tersely stated in 20 A. & E. Enc. Law, at pages 1193 and 1194, in the following language:

"The rule is general that a municipal corporation is not liable for alleged tortious injuries to the persons or property of individuals, when engaged in the performance of public or governmental functions or duties. So far as municipal corporations exercise powers conferred on them for purposes essentially public, they stand as does sovereignty whose agents they are, and are not liable to be sued for any act or omission occurring while in the exercise of such powers, unless by some statute the right of action be given. And, where the particular enterprise is purely a matter of public service for the general and common good, it makes no difference whether it is mandatory, or whether only permitted and voluntarily undertaken. A municipal corporation, therefore, is not liable for negligence in the course of work undertaken purely for the public benefit and advantage, and not for the benefit of the corporation. Nor is liability incurred by a city in the exercise of its police power in measures adopted for the general health, comfort, and convenience of the public."

Applying the facts as stated in the complaint to the law as stated in the foregoing quotation, it seems manifest that the city, in any event, was engaged in the discharge of a public duty as agent of the sovereign state, its creator. This would be so whether the act of searching the stream for the dead body supposed to be therein was for the purpose of tracing crime, if such was the purpose, or for the purpose of maintaining or safeguarding the public health and welfare. In either event, neither the act nor the purpose thereof was for the benefit of the city as a corporation, but was for the public good generally. The city, therefore, in the absence of a special statute, cannot be held responsible for the acts of police officers, and certainly not for strangers. Nor does the allegation that the stream could have been searched without

committing the alleged trespass make the city liable, and certainly not under the allegations of the complaint. If the officers or persons, when they acted, did so willfully or maliciously, or even negligently, action should be directed against them for redress of the wrongs, and not against the city, which they did not represent, except as it carried into effect the duties devolving upon the sovereign state which were delegated to the city as the state's agent.

It could serve no useful purpose to either discuss or cite the numerous authorities upon this subject, since the allegations of the complaint, taken as a whole, leave no room for doubt that no cause of action is stated against the city in view of the well-settled principles of law applicable to the facts contained therein. The court therefore did not err in sustaining the demurrer and in entering a judgment dismissing the action.

The judgment is affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.