## SEHY v. SALT LAKE CITY.

No. 2341.   Decided July 22, 1912.   Rehearing Denied September 28, 1912 (126 Pac. 691).

1. MUNICIPAL CORPORATIONS—LIABILITY FOR INJURY—FAILURE TO EXERCISE CORPORATE FUNCTIONS. A city is not liable for any injury which does not result from a negligent discharge of some duty within the scope of its corporate powers, and ministerial in its nature, or unless it itself, or its agents or officers, acting within the scope and in pursuance of its corporate powers or functions, negligently or wrongfully caused the injury. (Page 537.)

2. MUNICIPAL CORPORATIONS—LIABILITY FOR OBSTRUCTING WATER-
   COURSES. A city is under no duty to keep a stream which
   courses through it in a safe condition and free from obstruction.
   (Page 537.)

3. MUNICIPAL CORPORATIONS — LIABILITY FOR INJURY — ACTS OF
   POLICE. Where police officers of a city extended netting across
   a stream in an endeavor to recover the body of a drowned boy,
   the act was not in the discharge of any corporate power or
   function of the municipality, or on account of any municipal
   benefits, but in the discharge and in pursuance of a mere
   governmental duty, so that the city could not be held liable
   for the negligent and wrongful discharge of such duty, whereby
   a portion of the wire remained in the stream and caused an
   obstruction of the flow.[1]  (Page 537.)

APPEAL from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Action by Anna Sehy against Salt Lake City.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED.

*H. J. Dininny* and *Aaron Myers* for appellant.

*W. R. Hutchinson* and *A. R. Barnes* for respondent.

STRAUP, J.

In the complaint it is alleged that the city negligently obstructed the flow of the waters of Jordan River, and suffered and permitted it to be obstructed, and caused the waters to back up and overflow plaintiff's premises, to her damage. It is alleged the obstruction consisted "of wire and timbers and other material extending across said stream at or near" a bridge across the river. The case was tried to the court and a jury, and resulted in a judgment for the plaintiff, from which the defendant appeals.

---

[1] Gillmor v. Salt Lake City, 32 Utah, 180, 89 Pac. 714, 12 L. R. A. (N. S.) 537, 13 Ann. Cas. 1016.

It is not necessary to consider the numerous assignments of error, for we think the defendant's motion to direct a verdict ought to have been granted. The river at the place in question courses through the corporate limits of the city. Near the place of the alleged obstruction the city had constructed and maintained a bridge across the river. Near the bridge and south of it a dam and headgates in the stream were maintained and used by an irrigation company to divert water. The dam was made of piling driven in the river, and was entirely separate from the bridge.

Of course, the city cannot be held liable for the injury unless it resulted from a negligent discharge of some duty within the scope of its corporate powers, and ministerial in its nature, or unless it itself, or its agents or officers, acting within the scope and in pursuance of its corporate powers and benefits, and not merely within its governmental powers or functions, negligently or wrongfully obstructed the flow and caused the injury. It is not alleged, nor is it claimed, that any duty was imposed on the city to keep the stream in a safe condition and free from obstruction.

And no such duty was imposed on the city. (*O'Donnell v. Syracuse,* 184 N. Y. 1, 76 N. E. 738, 3 L. R. A. (N. S.) 1053, 112 Am. St. Rep. 558, 6 Ann. Cas. 173; *A. L. Lakey Co. v. Kalamazoo,* 138 Mich. 644, 101 N. W. 841, 67 L. R. A. 931, 110 Am. St. Rep. 338.)

What is alleged and claimed is that the city negligently extended a chicken wire or netting across the stream near the bridge, and suffered and permitted it there to remain, and by such means obstructed the flow and caused the overflow. The evidence shows that a year or two prior to the alleged injury, police officers of the city, and others, at the place in question, stretched a wire across the stream in an attempt to recover the body of a boy drowned in the stream. The wire was fastened to rocks, and sunk to the bottom of the stream south of the dam. The top of the wire, by baling wire, was fastened to the piling of the dam. The wire was not fastened to the bridge. Some of

the wire had been removed before the injury. A portion of it, crushed and battered down, remained in the stream at the time of the injury. There is evidence to show that it caused some obstruction to the flow by the collection of rubbish and material and caused the overflow. But it is very clear that the wire was stretched across the stream by the officers and others, not in the discharge of any corporate powers or functions of the municipality, or on account of any municipal benefits of the city, but in the discharge and in pursuance of mere governmental duties and for public good, and that the city cannot be held liable for a negligent or wrongful discharge of such acts. (*Gillmor v. Salt Lake City,* 32 Utah, 180, 89 Pac. 714, 12 L. R. A. (N. S.) 537, 13 Ann. Cas. 1016.)

There is, therefore, no evidence to show that it negligently caused the obstruction. And, as there was no duty imposed on it to keep the stream free from obstructions, it cannot be held liable on the theory of a negligent discharge of such a duty.

The judgment of the court below is reversed, and the case remanded for a new trial; costs to appellant.

FRICK, C. J., and McCARTY, J., concur.