GERALD V. CAUGHLAN, ADMINISTRATOR, APPELLANT, v. CITY
OF OMAHA, APPELLEE.

FILED SEPTEMBER 27, 1919. No. 20600.

Municipal Corporations: PUBLIC BATHING PLACE: LIABILITY FOR DEATH.
In absence of statute, a city, in maintaining a public park and a
municipal beach therein for bathing and other aquatic recrea-
tions, performs a governmental function, as distinguished from a
proprietary or business enterprise, and is not pecuniarily liable
for personal injuries, resulting from the negligence of city officers
to persons exercising such municipal privileges; and neither the
character of the municipal function nor the exemption from
liability is changed by a small incidental revenue derived from
the rental of city buildings used in connection wth the public
park or the municipal beach.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*Thomas Lynch* and *Byron G. Burbank,* for appellant.

*Frank L. Weaver, W. C. Lambert* and *H. L. Mossman,*
contra.

ROSE, J.

This is an action against the city of Omaha to recover
damages in the sum of $10,000 for negligence resulting
in the death of Samuel H. Daniels; the administrator
of his estate being plaintiff. A demurrer to the petition
was sustained. From a dismissal of the case, plaintiff
has appealed.

For the purpose of reviewing the ruling on the de-
murrer, the facts pleaded in the petition may be sum-
marized as follows: Defendant maintains a public park
having a municipal beach on Carter Lake. A public
dock, with spring diving boards on each side, extends
from the shore into the lake, for the use of persons
resorting to the water for recreation and for other pur-
poses. Daniels, in common with the public generally,
was invited to use the municipal privileges and facili-

ties. In a bathing suit he jumped head foremost from a spring diving board on one side of the dock, struck his head on the bottom of the lake at a depth of three and one-half feet, and broke his neck. On the other side of the dock the water under the spring diving boards was eight or ten feet deep. The lake was murky, concealing the bottom and the depth of the water. Daniels had not been notified that the water under the spring diving board which he used was shallow, and had no knowledge of that fact. For $402 defendant had leased for a year buildings used in connection with the public dock. Negligence in creating and in maintaining the place of danger described, and in inviting Daniels to use the spring diving board without notice or warning that the water under it was shallow, is imputed to defendant. On these facts, properly pleaded, is the petition demurrable?

Defendant justifies the dismissal of the case on the ground that the city acted in a governmental capacity, and that, therefore, it is not pecuniarily liable for personal injuries resulting from the negligence of its officers. Plaintiff insists that the city receives a substantial revenue from the bathing beach, and that it is answerable in its private or proprietary capacity for the wrongs pleaded in the petition. On the question presented the courts of the country, like the parties hereto, seem to entertain diverse views. The nature of the functions exercised by a city in maintaining a public park has been a subject of extended judicial discussion in recent years. The weight of authority supports the fundamental proposition of law that a city in maintaining a public park performs a public or governmental duty. *Bisbing v. Asbury Park* (80 N. J. Law, 416) 33 L. R. A. n. s., note, 523. The municipal purpose is different from that of an ordinary corporation conducting a business enterprise for private gain. Health, comfort, recreation, sanitary conditions and better environments, resulting in order, happiness and increased usefulness

from a public standpoint, are governmental aims in the maintenance of a public park or a municipal beach. To extend these privileges without compensation or discrimination to the poor and the other classes alike is above the aim of private or individual enterprise generally. To attain these objects is a fundamental purpose of government. Consequently, most courts, in determining liability for negligence in cases of this kind, make a distinction between governmental functions and private enterprise. The rule generally adopted, therefore, is that, in absence of statute, a city, in maintaining a public park or a municipal beach, is not pecuniarily liable for the negligence of city offcers while exercising functions relating to this feature of municipal government. *Bisbing v. Asbury Park, supra: Harper v. City of Topeka*, 92 Kan. 11, 51 L. R. A. n. s. 1032; *Bernstein v. City of Milwaukee*, 158 Wis. 576, L. R. A. 1915C, 435, and cases cited in note; *Nemet v. City of Kenosha*, 169 Wis. 379. Neither the character of the municipal function nor the exemption from liability is changed by a small incidental revenue derived from the rental of city buildings used in connection with the public park or the municipal beach. *Kellar v. City of Los Angeles*, 178 Pac. (Cal.) 505.

This view of the law results in an affirmance.

AFFIRMED.

SEDGWICK, J., dissenting.

It is said that, in establishing and maintaining parks, the city exercises a governmental function. The supreme court of the United States has said:

"A distinction is to be noted between the liability of a municipal corporation, made such by acceptance of a village or city charter, and the involuntary quasi corporations known as counties, towns, school districts, and especially the townships of New England. The liability of the former is greater than that of the latter, even when invested with corporate capacity and the power of taxation. * * * It is denied that a munic-

ipal corporation (as distinquished from a corporation organized for private gain) is liable for the injury to an individual arising from negligence in the construction of a work authorized by it. Some cases hold that the adoption of a plan of such a work is a judicial act; and, if injury arises from the mere execution of that plan, no liability exists. *Child v. City of Boston*, 4 Allen (Mass.) 41; *Thayer v. City of Boston*, 19 Pick. (Mass.) 511. Other cases hold that for its negligent execution of a plan good in itself, or for mere negligence in the care of its streets or other works, a municipal corporation cannot be charged. *City of Detroit v. Blackeby*, 21 Mich. 84, is of the latter class, where it was held that the city was not liable for an injury arising from its neglect to keep its sidewalks in repair. The authorities establishing the contrary doctrine, that a city is responsible for its mere negligence, are so numerous and so well considered that the law must be deemed to be settled in accordance with them.''

The opinion then cites English authorities, cases from the supreme court of the United States, and from ten of the states of the Union. *Barnes v. District of Columbia*, 91 U. S. 540, 23 L. ed. 440. This seems to be the well-settled rule of the common law. It is for the city to decide whether it will have parks, and when, where and in what form it will have them. In building them, and caring for them, it is not assisting the state in any way to carry out the laws of the state, but it is acting independently and for its own interests, and there seems to be no reason for holding that it is exercising a governmental function, any more than in laying out, constructing and caring for its streets.

Even if it should be held that the city is exercising a governmental function in constructing parks and improvements therein, and that, therefore, it is not liable for the negligence of its agents in connection therewith, it would still be liable in an action of this kind. As is said in the note under *Bernstein v. City of Milwaukee*,

158 Wis. 576, L. R. A. 1915C, 435: "A municipality may not maintain a public nuisance, even where it is performing a governmental duty." And in 20 R. C. L. 380: "The term nuisance, in legal parlance, extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property." That the thing complained of in this case endangered "life or health" cannot be doubted. No one could discover the danger from the appearances, and this brings it within the principle of the "Turntable cases." In those cases the liability arises from maintaining an "attractive nuisance." The cases generally involve injuries to children, who are not able to discover the danger. In the case at bar the danger was hidden. No one could discover it, and the principle, therefore, applies to such cases. It is conceded that this diving place was authorized by the city. By holding that the city, in authorizing it, was exercising a governmental function, it is now relieved from liability. I cannot concede that to authorize its construction required the exercise of any governmental function, but, even if the city can be said to have exercised a governmental function in that respect, the thing was dangerous to life and health, and was therefore a nuisance, and "a municipality may not maintain a public nuisance, even where it is performing a governmental duty."

Morrissey, C. J., concurs in this dissent.