## CITY OF WARRENTON *v.* SMITH.

ATKINSON, J. An infant four years of age brought suit by next friend against a municipal corporation, for damages on account of personal injury. The petition as amended described the manner in which the injury occurred as follows: The county owned a square in the city, containing about one acre, bounded on all sides by streets about 40 feet in width. The county court-house stood in the center of the square, and there were steps extending from the first floor to the ground on the east and north sides of the court-house. From the foot of each of these sets of steps there were cement walks extending 20 feet to the streets on the east and north sides of the square. There was a path extending from the east walk above mentioned, through the square around the northeast corner of the court-house to the steps on the north side. This path had been used for more than twenty years by the public generally, including adults and children of tender years, such as the plaintiff, for a thoroughfare in going from one part of town to another, and the children had during all such time used that part of the square as a playground. The square around the court-house had been turned over to the city by the county commissioners,

under an agreement that the latter should keep it as a lawn in "an attractive and cleanly condition, and was to have the use of the same for the citizens" of the city. Under this agreement the city had kept the square in condition as stipulated, under the supervision of the ladies of the city, organized as a "civic league." While the square was being so maintained and used, it was determined to close the path above mentioned; and accordingly the servants of the city, under direction of the appropriate city officers, placed a bar of iron in such manner as to obstruct the path. One end of the bar rested on a pillar at the foot of the court-house steps, and the other end on another pillar at the point where the cement walk from the steps intersects with the edge of the sidewalk which extends along the east side of the square. The bar thus placed was about two feet above the ground. It was attractive to children and insecurely placed, and slight pressure would cause it to fall. The city had actual and constructive notice of these facts, and that children were accustomed to play at this particular place. After the bar had been so placed for about two months, the plaintiff, while playing with other children, caught the bar with his hand and undertook to swing under it. The bar fell, striking him, and injured him severely. *Held*, that under a proper construction of the petition the place where the plaintiff was injured was a public park, and the alleged negligence in placing and maintaining the bar which fell and produced the injury was in the exercise of a governmental function by the city, for which the municipality is not liable. *Cornelisen* v. *Atlanta*, 146 *Ga.* 416 (91 S. E. 415); Dillon on Municipal Corporations, § 1659.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

No. 1309. DECEMBER 9, 1919.

Certiorari; from Court of Appeals. 23 Ga. App. 241.

*E. P. Davis,* for plaintiff in error.

*E. T. Shurley* and *Holden, Jennings & Holden,* contra.