## ALDER v. SALT LAKE CITY.

No. 4172.  Decided December 30, 1924.  (231 Pac. 1102.)

1. MUNICIPAL CORPORATIONS—NOT LIABLE FOR TORTS IN PERFORMANCE OF GOVERNMENTAL FUNCTIONS. Municipal corporation is not liable for alleged tortious injuries to persons or property of individuals, when engaged in the performance of public or governmental functions or duties.[1]

2. MUNICIPAL CORPORATIONS—LIABILITY FOR NEGLIGENCE IN MANAGEMENT OF STREETS NOT EXTENDED TO PARKS. That cities are held liable for negligence in the maintenance of streets on grounds of public policy and expediency, as recognized by Comp. Laws 1917, § 816, furnishes no reason why cities should be similarly held liable for the negligent management of parks and playgrounds; the exception, if it is to be extended, being a matter for the Legislature and not the courts to determine.

3. MUNICIPAL CORPORATIONS—CITY NOT LIABLE FOR NEGLIGENT MAINTENANCE OF PARKS AND STAGING OF PAGEANT. The maintenance of parks and playgrounds and presentation of pageant on 4th of July are "public and governmental functions," and municipal corporation is not liable to witness of pageant injured through collapse of seats.

---

[1] *Gillmor* v. *Salt Lake City*, 32 Utah, 180; 89 P. 714, 12 L. R. A. (N. S.) 537; Seby v. Salt Lake City, 41 Utah, 535, 126 P. 691, 42 L. R. A. (N. S.) 915.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson,* Judge.

Action by Elsie Alder against Salt Lake City. From a judgment of dismissal, plaintiff appeals.

AFFIRMED.

*A. A. Duncan,* of Salt Lake City, for appellant.

*Wm. H. Folland,* City Atty., and *Shirley P. Jones* and *W. A. Fraser,* Asst. City Attys., all of Salt Lake City, for respondent.

CHERRY, J.

This action is to recover damages for personal injuries. A demurrer to the plaintiff's complaint was sustained, and the action was dismissed. The plaintiff appeals.

The facts pleaded in the complaint as the grounds of defendant's liability are, in substance, that the defendant is a municipal corporation, and owns and maintains Liberty Park, a public park situated within the city; that on July 4, 1923, a pageant, for the entertainment of the public was presented at the park, under the supervision of the recreation director of the city; that for the occasion tiers of seats surrounding a stage were erected by the defendant, which the public was invited to occupy; that the plaintiff attended the pageant, and, while occupying one of the seats, the whole section or tier of seats on which she was seated collapsed and fell, in consequence of which she was injured; that the seats were negligently and carelessly constructed by incompetent workmen and of defective materials, etc., on account of which they collapsed and fell as aforesaid. The question is whether upon the facts alleged the defendant city is liable for the damages suffered.

The principle of law controlling the liability of cities in such cases is laid down in *Gillmor* v. *Salt Lake City,*

32 Utah, 180, 89 P. 714, 12 L. R. A. (N. S.) 537,     **1**
where this court cited with approval the following
quotation from 20 A. & E. Enc. Law, 1193:

"The rule is general that a municipal corporation is not liable
for alleged tortious injuries to the persons or property of indi-
viduals, when engaged in the performance of public or govern-
mental functions or duties. So far as municipal corporations exer-
cise powers conferred on them for purposes essentially public, they
stand, as does sovereignty whose agents they are, and are not
liable to be sued for any act or omission occurring while in the
exercise of such powers, unless by some statute the right of action
be given. And, where the particular enterprise is purely a matter
of public service for the general and common good, it makes no
difference whether it is mandatory or whether only permitted and
voluntarily undertaken. A municipal corporation, therefore, is not
liable for negligence in the course of work undertaken purely for
the public benefit and advantage, and not for the benefit of the
corporation. Nor is liability incurred by a city in the exercise of
its police power in measures adopted for the general health, com-
fort, and convenience of the public."

The principal was restated in the later case of *Seby* v. *Salt
Lake City*, 41 Utah, 535, 126 P. 691, 42 L. R. A. (N. S.) 915.

There is a well-recognized exception to the general rule of
immunity in cases involving the maintenance and care of
public streets, and it is generally held that municipalities are
liable for negligence in failing to keep the avenues of public
travel in safe condition and repair. It is argued that a simi-
lar exception should be made in the case of the maintenance
of public parks, playgrounds, etc. The exception in the case
of streets is founded upon public policy and expediency, and
is recognized in this state by legislative act. Comp. Laws
Utah 1917, § 816. The nature and use of streets are quite
dissimilar from the nature and use of parks and playgrounds,
and the reasons for which liability is imposed in the
case of the former are not applicable to the latter.     **2**
If the exception is to be extended to parks and play-
grounds, the Legislature and not the courts should determine
the question. It is a matter of public policy and expediency.
The courts generally, as hereinafter shown, have declined to
extend the exception to cases arising from negligence in the

performance of functions similar to those described in the plaintiff's complaint.

There remains to be determined the question of whether the city, in the performance of the acts complained of, was exercising public and governmental functions.

In *Bolster* v: *City of Lawrence*, 225 Mass. 2387 114 N. E. 722, L. R. A. 1917B, 1285, the court said:

"The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no liability; if it is not, there may be liability."

While there are some cases to the contrary, the great weight of judicial opinion is that the maintenance of parks and playgrounds is a public and governmental function. The following cases hold that cities in conducting summer camps, public parks, free public baths, playgrounds, etc., exercise governmental powers only, and are not liable for the negligence of their agents and servants in connection therewith: *Kellar* v. *City of Los Angeles*, 179 Cal. 605, 178 P. 505; *City of Warrenton* v. *Smith*, 149 Ga. 567, 101 S. E. 681; *Harper* v. *City of Topeka*, 92 Kan. 11, 139 P. 1018, 51 L. R. A. (N. S.) 1032; *Bd. of Park Com'rs* v. *Prinz*, 127 Ky. 460, 105 S. W. 948; *Bolster* v. *City of Lawrence*, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285; *Heino* v. *City of Grand Rapids*, 202 Mich. 363, 168 N. W. 512, L. R. A. 1918F, 528; *Emmons* v. *City of Virginia*, 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860; *Caughlan* v. *City of Omaha*, 103 Neb. 726, 174 N. W. 220; *Bisbing* v. *Asbury Park*, 80 N. J. Law, 416, 78 A. 196, 33 L. R. A. (N. S.) 523; *Blair* v. *Granger*, 24 R. I. 17, 51 A. 1042; *Mayor, etc., of Nashville* v. *Burns*, 131 Tenn. 281, 174 S. W. 1111; *Nelson* v. *City of Spokane*, 104 Wash. 219, 176 P. 149; *Bernstein* v. *City of Milwaukee*, 158 Wis. 576, 149 N. W. 382, L. R. A. 1915C, 435.

The cases to the contrary are *City of Denver* v. *Spencer*, 34 Colo. 270, 82 P. 590, 2 L. R. A. (N. S.) 147, 114 Am. St. Rep. 158, 7 Ann. Cas. 1042; *Canyon City* v. *Cox*, 55 Colo. 264, 133 P. 1040; *Capp* v. *City of St. Louis*, 251 Mo. 345, 158 S. W. 616, 46 L. R. A. (N. S.) 731, Ann. Cas. 1915C, 245; *Silverman* v. *City of New York* (Sup.) 114 N. Y. S. 59; *Mahon* v.

*City of New York,* 10 Misc. Rep. 664, 31 N. Y. S. 676;
*Barthold* v. *City of Philadelphia,* 154 Pa. 109, 26 A. 304.

The maintenance of the public park and the presentation
of the pageant on the 4th of July by the defendant city were
clearly matters of public service for the general and
common good, designed exclusively for the social ad-
vantage, entertainment, and pleasure of the general
public; and from which the city could derive no benefit in its
corporate or proprietary capacity.

We conclude that in the matters complained of the city
was exercising its public and governmental powers, and that
it is not liable for the negligence alleged. The demurrer to
the complaint was properly sustained.

Judgment affirmed.

WEBER, C. J., and GIDEON and FRICK, JJ., and DIL-
WORTH WOOLLEY, District Judge, concur.

THURMAN, J., did not participate herein.