## BURTON v. SALT LAKE CITY

No. 4436.   Decided Nov. 10, 1926.   Rehearing Denied Feb. 11, 1927.
(253 P. 443).

*Clark, Richards & Bowen,* of Salt Lake City, for appellant.

*W. H. Folland,* City Atty., *S. P. Jones* and *W. A. Fraser,* Asst. City Attys., all of Salt Lake City, for respondent.

FRICK, J.

The plaintiff, as the mother of one Virginia Burton, and as a widow, brought this action in the district court of Salt Lake county against Salt Lake City to recover damages which she alleges were sustained by reason of the death of her said daughter, who, she alleges, lost her life through the negligence of said city in conducting its bathhouses and swimming pools. The acts and omissions constituting the alleged negligence are fully set forth in the complaint. It is also there alleged that the plaintiff in due time filed a claim against the city with the city commissioners, and that the same was disallowed. We here insert the allegations in full respecting the ownership, operation, and conduct of the bathhouses and swimming pools by the city. In that regard it is alleged:

"That ever since its incorporation the defendant, Salt Lake City, has been, and now is, the owner of that certain property known as the Warm Springs, located at or near Second West street and Eighth North street, Salt Lake City, Utah, and within the corporate limits of said city, and has maintained and operated at said springs, either by itself or through lessees, swimming pools and bathhouses, with their adjuncts and appurtenances, all known and designed as the municipal baths; that in its operation and maintenance of said municipal baths said city has at various times leased the same for its own benefit, and as a means of profit to it, and has, both at times when it operated said baths directly by itself, and when it operated the same through its lessees, and at the time of the injury hereinafter complained of, leased and licensed, for the purpose of deriving to itself revenue and profits, and for its own benefit, concessions such as cafes, barber shops, hotels, and other concessions; that said city, in its operation and maintenance of said municipal baths, during all of said time, has done so as a business enterprise, for pecuniary profit, and in competition with, and in the same manner as, the owners of other privately owned and operated bathhouses and resorts in the vicinity, and has invited and solicited the patronage thereat of the public generally, and of all persons whomsoever, and for the purpose of increasing said patronage and augmenting its profits and gains from said operation has advertised and circularized said baths, and has at all times charged an admission fee for entrance to and use of said bathhouse and swimming pool, said charge of admission fee being the same fee as is, and has been, charged, by competing privately owned bathhouses and bathing resorts in the vicinity. Plaintiff is informed and believes, and on her information and belief alleges, that said defendant has, during all of the times herein mentioned, operated said municipal baths at a large profit, and for its own benefit, and the same have constituted, and now constitute, one of the important resources of said city's revenue, yielding many thousands of dollars annually."

A city ordinance is also pleaded, but, the same not being material to this decision, it will not be noticed further.

A detailed statement of the acts and omissions of the city which it is alleged constituted negligence is also set forth in the complaint. It must suffice to say that, in view that the acts and omissions constituting the alleged negligence are all admitted by the general demurrer interposed by the city, we are of the opinion that the facts alleged are prima facie sufficient to constitute a cause of action against the city, and so hold.

As already intimated, the city interposed a general demurrer to the complaint, which was sustained by the district court, and, the plaintiff electing to stand on her complaint, the action was dismissed and she appeals.

The principal, indeed the only real, contention between the parties, relates to the character, or capacity, rather, in which Salt Lake City owns and operates its bathhouses and swimming pools. It will be observed that the allegations of the complaint that the city owns, operates, and conducts the same in private ownership and for profit merely are somewhat sweeping, and are all admitted by the demurrer. The city, in support of its demurrer, however, contends that it owns, operates, and conducts the bathhouses and swimming pools in a governmental capacity and therefore is not liable for injuries resulting from the negligent acts or omissions of its agents or servants. Upon the other hand, the appellant vigorously insists that the bathhouses and swimming pools which are used in connection with the bathhouses are owned and operated in the city's corporate or private capacity, and are operated and conducted for profit merely; that is, that the city operates them the same as a private owner would do. The statute authorizing the city to construct bathhouses is found in Comp. Laws Utah 1917, § 570x14, which provides:

"To construct and maintain waterworks, gas works, electric light works, telephone lines, street railways, or bathhouses, or to authorize the construction and maintenance of the same by others, or to purchase or lease any or all of said works from any person or corporation; and to sell and deliver the surplus product or service of any such works, not required by the city or its inhabitants, to others beyond the limits of the city."

The foregoing section is a part of chapter 3 of title 16, entitled "Powers of Commissioners and City Councils." A mere cursory examination of the section will disclose that there is nothing therein which imposes a duty on a city to construct, maintain, or to operate bathhouses, etc. The sec-

tion merely empowers the city to own and operate bath-houses. It will further be observed that the power to own, operate and maintain water, gas, and electric light works by a city is also conferred in the same section. In *Brown* v. *Salt Lake City*, 33 Utah, 222, 93 P. 570, 14 L. R. A. (N. S.) 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004, we held that the municipalities of this state own and operate their water-works in a private or proprietary capacity, and not in a governmental capacity, and hence are liable for injuries resulting from the acts of omission or commission of its employees or servants constituting negligence. To the same effect are *Ogden City* v. *Waterworks, etc., Co.*, 28 Utah, 25, 76 P. 1069, and *Brummitt* v. *Ogden Waterworks Co.*, 33 Utah, 289, 93 P. 829. Upon the contrary, we held in a very recent case (*Rollow* v. *Ogden City* [Utah] 243 P. 79), that the municipalities of this state own and operate their fire departments in a governmental capacity, and hence, are not liable for the acts of negligence of their servants and employees, and in *Alder* v. *Salt Lake City*, 64 Utah, 568, 231 P. 1102, we held that in maintaining public parks and play-grounds the municipalities exercise governmental functions, and are not liable to third persons for the acts of commis-sion or omission of their servants, although such acts may constitute negligence. The authorities are collated and re-viewed, and the reasons for our conclusions are there fully stated, and hence we refrain from restating the reasons or again referring to the numerous authorities there cited.

We have also had occasion to point out and define the powers exercised by municipalities in former cases, namely, in *Gillmor* v. *Salt Lake City*, 32 Utah, 180, 89 P. 714, 12 L. R. A. (N. S.) 537, 13 Ann. Cas. 1016, and in *Sehy* v. *Salt Lake City*, 41 Utah, 535, 126 P. 691, 42 L. R. A. (N. S.) 915. In those cases we pointed out that municipalities exercise both governmental and private or purely corporate func-tions, and there pointed out that municipalities are immune from action or liability for the negligent acts or omissions of their agents, while they may be

so liable in case they are engaged in conducting business in a private, corporate, or proprietary capacity. The foregoing powers are also clearly pointed out, illustrated, and applied by the Supreme Court of Illinois in the case of *People* v. *City of Chicago*, 256 Ill. 558, 100 N. E. 194, 43 L. R. A. (N. S.) 954, Ann. Cas. 1913E, 305. See, also, 6 McQuillin, Mun. Corp. § 2672, and 28 Cyc. 267, where the subject is discussed. The city has, however, referred us to a number of cases which it is contended hold that in owning and conducting bathhouses and swimming pools municipalities exercise governmental functions, and hence are not liable for the negligent acts and omissions of their servants and agents. The city refers to the following cases: *Harper* v. *City of Topeka*, 92 Kan. 11, 139 P. 1018, 51 L. R. A. (N. S.) 1032; *Caughlan* v. *City of Omaha*, 103 Neb. 726, 174 N. W. 220; *Gensch* v. *City of Milwaukee*, 179 Wis. 95, 190 N. W. 843; *Nemet* v. *City of Kenosha*, 169 Wis. 379, 172 N. W. 711; *Heino* v. *City of Grand Rapids*, 202 Mich. 363, 168 N. W. 512, L. R. A. 1918F, 528; *Bolster* v. *City of Lawrence*, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285; *Kellar* v. *City of Los Angeles*, 179 Cal. 605, 178 P. 505. In none of the foregoing cases are the facts parallel with those alleged in the complaint and admitted by the demurrer. *Harper* v. *City of Topeka*, supra, clearly falls within the principle or rule laid down by this court in the recent case of *Alder* v. *Salt Lake City*, supra. The same is true of *Caughlan* v. *City of Omaha*, supra. The two Wisconsin cases are not applicable for the reason that the cities in those cases were maintaining free public beaches. Nor are the facts in the Michigan case parallel to those in the case at bar, and hence a different rule applied there. *Bolster* v. *City of Lawrence*, supra, is not applicable to the facts in the case at bar, which is made clear from the decision, which is reflected in the first headnote, which reads:

"In the absence of special statute, a municipality is not liable for the tortious acts of its officers and servants in connection with the gratuitous performance of strictly public functions imposed or permitted by the Legislature, from which is derived no special corporate ad-

vantage, no pecuniary profit, and no enforced contribution from individuals particularly benefited."

The same is true of *Kellar* v. *City of Los Angeles,* supra. It is there held:

"A municipal corporation, in the absence of a statute imposing the liability, is not liable for personal injuries due to the negligence of the corporation's officers and employees, unless the negligence was in the matter of the exercise of functions private and proprietary in their nature as distinguished from functions purely governmental in nature."

The last two cases referred to clearly point out the test which is generally, if not universally, applied respecting liability of cities. That test is very tersely stated in the Massachusetts case just referred to, and was approved and adopted by this court in *Alder* v. *Salt Lake City,* supra. The test reads:

" 'The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit. If it is, there is no liability; if it is not, there may be liability.' "

True it is, as suggested by counsel for the city, that, where the municipality is clearly discharging governmental functions in conducting a particular enterprise, or is conducting it entirely in the interest of the public health or welfare, etc., the mere fact that a fee is exacted or a charge is made is not conclusive against the city. ■ That fact is clearly pointed out by the Supreme Court of California in *Kellar* v. *City of Los Angeles,* supra. Where, however, the facts are as they are alleged in the complaint in the case at bar, all of which are admitted by the demurrer, no case has been cited, and we think none can be found, where it is held that the municipality exercises governmental functions in owning and operating bathhouses and swimming pools. Is it not pertinent to ask, What governmental function does Salt Lake City exercise in conducting the bathhouses and swimming pools in question? In what way does

it discharge any governmental function? What is it that it governs or regulates or controls of a public or governmental character? In view of the allegations of the complaint, does the city not own, operate, and conduct the bathhouses and swimming pools in question precisely the same as they would be conducted under private ownership? We confess our utter inability to perceive any act of a governmental nature which the city exercises in owning, operating, and conducting the bathhouses and swimming pools referred to in the complaint.

It is, however, also contended by the city that the claim presented to the city commissioners is insufficient in certain particulars. In view that plaintiff did present a claim, it becomes unnecessary for us to determine whether, in a case like the one at bar, where the negligence results in death, and the action is instituted to recover consequential damages by a third person, a claim must be presented as a prerequisite to maintaining an action, and therefore we express no opinion upon that matter. See *Brown* v. *Salt Lake City*, supra. The claim as presented was not objected to by the city, and for that reason it cannot be held that the claim is insufficient. The statute requires that, in case a claim is deemed insufficient or defective in certain particulars, the insufficiency or defect must be pointed out by the city. The city not having done so it cannot now be heard to say that the claim is insufficient.

In view of what has been said, the conclusion is unavoidable that the district court erred in sustaining the demurrer and in dismissing plaintiff's action. The judgment therefore should be, and it accordingly is, reversed, and the cause is remanded to the district court of Salt Lake county, with directions to overrule the demurrer and to proceed with the case in accordance with the views herein expressed; appellant to recover costs on appeal.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.