FRANK W. DARLING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK W. DARLING AND MRS. FRANK W. DARLING, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 74372, 79254.    Promulgated October 7, 1936.

*Eugene Meacham, Esq.,* for the petitioners.
*W. R. Lansford, Esq.,* for the respondent.

1064

OPINION.

ARUNDELL: The main issue here is whether the compensation received by the petitioner, Frank W. Darling, from the Westchester County Park Commission is exempt from Federal taxation. Since Mrs. Darling had no income in 1932 she is not liable for any tax in that year, although a joint return for husband and wife was filed. *Cole* v. *Commissioner*, 81 Fed. (2d) 485, reversing 29 B. T. A. 602.

We do not think that petitioner can be classed as an employee of the state, but was rather an independent contractor. *Metcalf & Eddy* v. *Mitchell*, 269 U. S. 514. His compensation, his term of service, and certain of his rights and duties were fixed by contract with the park commission. This is not common in the employer-employee relationship, and points definitely toward the contractor status. Cf. *Burnet* v. *Jones*, 50 Fed. (2d) 14; *Roberts* v. *Commissioner*, 44 Fed. (2d) 168; *A. Ten Eyck Brown*, 19 B. T. A. 568; affd., 55 Fed. (2d) 1076; *H. A. Underwood*, 20 B. T. A. 1117; affd., 56 Fed. (2d) 67. The fact that the petitioner was to receive a percentage share in the proceeds of successful operation also indicates that he must be considered an independent contractor. Apparently, one of the objects of the contract between the petitioner and the park commission was to attain the independent contractor status in order that the park employees would be free from New York State civil service regulations. The very nature of petitioner's work as resident manager of an amusement park, we think, would preclude the detailed supervision by the employer which is necessary to the employer and employee relation. *Commissioner* v. *Modjeski*, 75 Fed. (2d) 468; *Kreipke* v. *Commissioner*, 32 Fed. (2d) 594; *Burnet* v. *McDonough*, 46 Fed. (2d) 944; *Childers* v. *Commissioner*, 80 Fed. (2d) 27. We hold the petitioner to be an independent contractor.

Furthermore, the operation of an amusement park is not a usual, traditional, or essential function of government. *Helvering* v. *Powers*, 293 U. S. 214; *United States* v. *California*, 297 U. S. 175; *Flint* v. *Stone-Tracy Co.*, 220 U. S. 107; *Brush* v. *Commissioner*, 85 Fed. (2d) 32. We take judicial notice that it is a function not commonly performed by governments either contemporaneously or historically. It is obvious that such a governmental enter-

prise is not necessary to the existence and continuance of the Government itself. It is not an undertaking which only a government can perform; the usual situation rather is private operation. The argument is advanced that Government creation of the amusement park Playland was necessary in the interest of public health, safety, and morals, to eliminate a notorious privately owned amusement park on the same site. It is not shown that this evil could not have been remedied by adequate regulations short of governmental operation, or that the nuisance could not have been abated in some other manner. The fact that governmental operation of a given enterprise may be preferable to private operation does not make such operation an essential or usual governmental function. Although it did have some free features we do not think that Playland falls within the classification of an ordinary, nonincome-producing park such as was dealt with in *Everett B. Sherman*, 27 B. T. A. 1169; affd., 69 Fed. (2d) 755. Nor do we think that the revenue-bearing features were merely incidental to the operation of an ordinary park. See *Bolster v. City of Lawrence*, 225 Mass. 387; 114 N. E. 722; *Caughlan v. City of Omaha*, 103 Neb. 726; 174 N. W. 220; and cf. *Cornelisen v. City of Atlanta*, 146 Ga. 416; 91 S. E. 415; *Carta v. City of Norwalk*, 108 Conn. 697; 145 A. 158. The principal characteristics of Playland were those of an amusement park, including various amusement devices and facilities furnished to the public at a charge; the free picnic facilities, etc., were only incidental. The very magnitude of the compensation which petitioner received is commensurate with the responsibilities involved in supervising a large business undertaking rather than with the superintendence of an ordinary nonincome-producing park. For the foregoing reasons the immunity must be denied.

Reviewed by the Board.

*Decision will be entered under Rule 50.*