400 P.2d 205

Elbert B. RUMSEY, Plaintiff and Respondent,

v.

SALT LAKE CITY, a municipal corporation of the State of Utah, Defendant and Appellant.

No. 10181.

Supreme Court of Utah.

March 22, 1965.

Homer Holmgren, City Atty., A. M. Marsden, Asst. City Atty., Salt Lake City, for appellant.

Neil D. Schaerrer, Salt Lake City, for respondent.

WADE, Justice.

Respondent Elbert ·B. Rumsey brought this action against the appellant Salt Lake City for personal injuries sustained in a swimming pool operated by the City. This appeal is from a jury verdict and judgment thereon in favor of Elbert B. Rumsey.

Appellant seeks reversal of the judgment on three grounds: (1) The failure of respondent Rumsey to plead and prove that the Wasatch Springs Plunge, the swimming pool in which the accident occurred, was operated by the appellant City in a proprietary capacity. (2) That respondent did not prove that the defective condition of the diving board from which respondent was attempting to dive when the accident occurred was the proximate cause of said accident. (3) The court committed prejudicial error in allowing the taking of additional evidence after the verdict of the jury was rendered. This evidence pertained to the issue of whether the Wasatch Springs Plunge was operated in a proprietary or governmental capacity.

Respondent Rumsey alleged in his complaint that he paid an admission fee to swim in the Wasatch Springs Plunge which

was operated by appellant Salt Lake City. He further alleged that the City was negligent in failing to have the diving board in a proper and safe condition and in failing to have a lifeguard present to assist him when he lost his balance and fell because of the slickness of the end of the board from which he was attempting to dive. The City answered, averring that the complaint failed to state a cause of action upon which relief could be granted, generally denied respondent's allegations and for its affirmative defenses pleaded that respondent was guilty of contributory negligence and had assumed the risk.

A pre-trial hearing was held and in the pre-trial order among the exceptions which were not left for determination at the trial of pleaded issues there appears the following: "1. The parties agree that the plaintiff at the time of his claimed injuries was a business invitee."

At the close of the trial the City moved for a directed verdict which was denied. After the jury returned a verdict in favor of respondent, the City moved for a judgment notwithstanding the verdict on the same grounds it had moved for a directed verdict, that is, that the evidence was insufficient to sustain a verdict and because the plaintiff had failed to plead and prove that the Wasatch Springs Plunge was operated by the City in a proprietary rather than a governmental capacity. In reply, the respondent then moved the court to clarify or amend the judgment or grant a new trial on the question of governmental immunity. This motion was supported by the affidavit of respondent's counsel that the question of sovereign immunity was discussed at the pre-trial conference, and in view of the holdings of this court in two other cases involving the same operation of the Wasatch Springs Plunge by the City, the City admitted that the operation was in a proprietary capacity and therefore sovereign immunity was not an issue in the case.[1] For this reason, plaintiff did not offer any proof concerning this issue. The City did not controvert respondent's affidavit to the effect that the issue of sovereign immunity had been discussed and abandoned at the pre-trial hearing.

The court denied the City's motion but granted respondent's motion. The case was reopened for the purpose of submitting testimony on the issue of sovereign immunity only. Testimony was elicited from Mr. Rumsey, respondent herein. The City's commissioner of parks, and the manager of the Wasatch Springs Plunge also testified. The uncontradicted testimony of the witnesses revealed that although the City operated other swimming pools in connection with its parks for which no charge was made for admission, the Wasatch Springs

1. Griffin v. Salt Lake City, 111 Utah 94, 176 P.2d 156; Burton v. Salt Lake City, 69 Utah 186, 253 P. 443, 51 A.L.R. 364.

Plunge was the only swimming pool not operated by the City in connection with its parks and for which an admission fee competitive with other swimming pools operated by private business was charged and on which fee federal and state taxes were collected. In fact it was admitted by its manager who has held that position for approximately 21 years that its operation had not materially changed during that time.

■■ It is the City's contention that respondent failed to state a good cause of action because he failed to allege sufficient facts charging it with acting in a proprietary capacity, citing Wade v. Salt Lake City[2] as authority. That case involved the operation by the City of a municipal airport. We there held that under our statutes the operation of a municipal airport was a governmental activity and therefore the court did not err in granting a summary judgment even though the plaintiff was precluded from introducing evidence as to the nature and extent of the businesslike activities of those running the airport. We there pointed out that under statutes such as ours which grant cities the right to supervise airports generally in "an atmosphere of government control that either precludes proprietary operation

thereof, or prevents it, absent legislative sanction * * *" any use other than governmental must be pleaded and be free from legislative inhibition. However, this court has held that the operation of a swimming pool is not such an enterprise as can be engaged in by a city only in a governmental capacity. Whether such activity is being operated by a city in a governmental or proprietary capacity depends upon the manner in which it is operated. Operated in a manner in which it is, and in competition with swimming pools operated for profit by private individuals, it is operated in a proprietary capacity, if not, "it" may be found to be operated in a governmental capacity.[3]

■ Respondent Rumsey's complaint alleged that the City operated Wasatch Springs Plunge, and that he paid an admission fee for entrance. However, whether those allegations were sufficient to state a cause of action against the City or whether it is necessary to allege more facts as to the competitive nature of the operation so that it can be determined from the complaint rather than from evidence produced at trial whether the operation is governmental or proprietary, need not be decided here. As shown above, a pre-trial conference was held in this case. In the

2. Wade v. Salt Lake City, 10 Utah 2d 374, 353 P.2d 914.

3. Footnote 1 above; cf. also Ramirez v. Ogden City, 3 Utah 2d 102, 279 P.2d 463, 47 A.L.R.2d 539, in which the facts are distinguishable.

pre-trial order it appears that the parties agreed that at the time of the accident, respondent was a business invitee. Such a fact could only be material in the event the Wasatch Springs Plunge was being operated in a proprietary capacity. If the Plunge were operated in a governmental capacity the City would be immune from liability regardless of the status of the respondent. It would appear therefore that the issue of whether the Plunge was operated in a governmental or proprietary capacity was a matter which was disposed of in the pre-trial conference and the issues for trial were therefore under Rule 16, U.R.C.P. limited to the remaining issues of negligence and damages, unless modified at the trial to prevent manifest injustice.[4] We are more disposed to that conclusion in view of the failure of the City to contradict the affidavit of respondent's attorney filed in opposition to the City's motion for a judgment notwithstanding the verdict, that the issue of governmental or proprietary operation was discussed and that the City admitted that the Wasatch Springs Plunge was operated in a proprietary capacity, as it could have done, if such were not the facts, by filing an opposing affidavit as provided in Rule 59(c), U.R.C.P.

In view of our conclusion that the issue of governmental immunity was disposed of in the pre-trial conference in favor of the respondent herein, whether the court erred in reopening the case to allow evidence pertaining to the manner in which the City operated the Wasatch Springs Plunge is of no concern here. The proceedings could only be surplusage and could not have been prejudicial to any rights of the appellant under the facts disclosed in the record.[5]

Appellant City contends that the evidence was insufficient to sustain the verdict because there was no evidence from which it could be found that the exposed end of the diving board was the proximate cause of respondent's injuries. We cannot agree.

There was evidence from which the jury could reasonably have found that an employee of the City had noticed at least two months before respondent's accident that the safety-walk material on the aluminum diving board had worn off and exposed the end to the metal and had made a note calling it to the attention of the manager that such condition could be potentially hazardous. However, no repairs were made until after the accident. The safety-walk material was of a rough texture designed to prevent slipping. Although respondent

4. Rule 16, U.R.C.P.
5. State By and Through Road Commission v. Peterson, 12 Utah 2d 317, 366 P.2d 76; Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.

could not testify as to the location of the exact spot on the diving board from which he involuntarily fell, he did testify that he slipped on a slick portion of the diving board, the portion he having just previously stood upon not feeling slick but perfectly safe. This evidence was sufficient to sustain a finding by a jury that the proximate cause of respondent's injury was the City's negligence, after having knowledge of the defect, in failing to repair and keep the diving board in a safe condition.

Affirmed. Costs to respondent.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I respectfully dissent.

The plaintiff demanded and got a jury trial to determine the fact issues, one of the most important of which was whether the City was acting in a proprietary capacity. Rumsey neither pleaded nor proved this fact, which we have said was necessary.[1] This circumstance should have resolved the matter, since presumptively the City operates in a governmental capacity.

It is no answer to assert that in two previous swimming pool cases we have affirmed the City's role as proprietor, since each case must stand or fall on its own facts, and no end of stare decisis can establish that a city can't operate a swimming pool other than in a proprietary capacity.

Nor is it an answer to say that the issue of immunity conclusively was resolved against the City by a pre-trial stipulation that Rumsey was a "business invitee,"—implying that such conclusion of necessity put the City in competition with privately operated pools. Two good reasons refute such conclusion:

1) A person, for example, may be a business invitee when he goes to the city treasurer to pay the tax on the business he operates, but such a circumstance could not ipso facto make the city a businessman under any of the rules incident to a game of musical chairs. The whole thing is a matter of fact,—that's all,—and Rumsey failed to allege or prove the conditionally precedential required to construct his claim of tortious compensability.

2) Assuming arguendo, that the officials of the city attempted to stipulate away the latter's immunity, it couldn't be done, since a government official cannot sell the city's immunity down the river with impunity.[2]

As to the *second trial,* the main opinion says it was surplusage because the governmental immunity matter was resolved by stipulation at pretrial. The latter fallacious conclusion followed the equally fallacious

---

1. Wade v. Salt Lake City, 10 Utah 2d 374, 353 P.2d 914 (1960).

2. Tooele v. Elkington, 100 Utah 485, 116 P.2d 406 (1941).

assumption of the former.[3] Counsel for plaintiff himself did not entertain any such gratuitous or novel assumption, since, by the very motion for another trial, he conceded that Rumsey had failed to plead or prove a proprietary role by the City.

It seems inconceivable to this writer that under the rules, a litigant who gets a jury verdict which is valueless because of failure to plead and prove the factual gist of his cause, could simply ask that another trial be had before a different arbiter of the facts, at a later date, to prove a case he failed to prove before. If my conclusion is correct, and such second trial is abortive, it is inescapable to conclude other than that the burden of a plaintiff to prove proprietary capacity of a city cannot be eliminated in his case in chief, by assuming that counsel on the other side, merely agreeing at pretrial that the plaintiff was a "business invitee," can thus waive the city's claim of sovereign immunity and thus give the plaintiff another trial on an essential provable issue.

In my opinion this case should be reversed for lack of pleading and proof at the only legitimate trial that was had.

CALLISTER, J., concurs in the dissenting opinion of HENRIOD, C. J.

---

3. Ramirez v. Ogden, cited in the main opinion, is different as to facts but not with respect to charging an admission is concerned. See also Jopes v. Salt Lake County, 9 Utah 2d 297, 343 P.2d 728 (1959).