## ROY ST. JOHN v. CITY OF ST. PAUL.[1]

December 13, 1929.

No. 27,564.

[1]Reported in 228 N. W. 170.

*O. J. Smith,* for appellant.

*Eugene M. O'Neill* and *Lewis L. Anderson,* for respondent.

HOLT, J.

Plaintiff appeals from the order denying a new trial, a verdict for defendant having been directed.

The evidence shows this in substance: The city of St. Paul maintains a public park in which is Lake Phalen. A part of the lake and beach is set apart for bathing and provided with diving scaffolds and boards. Anyone may make use of these facilities free of charge. Adjacent to the beach is a bathhouse where bathing suits, towels and lockers may be rented and soap purchased from the city. In the afternoon of an early September day, 1927, plaintiff went to this bathing beach, rented a bathing suit, towel and locker, and bought a piece of soap. After putting on the bathing suit he got up on the diving board, placed about 20 feet above the surface of the water, and dived. As he struck the water his head came in contact with some sharp substance which cut an inch gash in the scalp, for which he seeks damages from the city. He did not strike bottom. He does not know what he struck but thinks it was below the surface. The court directed a verdict in favor of defendant on the ground that negligence was not proved, and on the further ground that in the maintenance of the bathing beach the defendant was performing a governmental function and not liable for negligence in its discharge.

It is clear from plaintiff's own story that there was no negligence shown in the location of the diving board at too shallow a place so as to endanger divers from contact with the bottom of the lake. And it would seem that one who desires to hold another for negligence should show something more than a hurt. Plaintiff made no effort whatever at the trial to enlighten the jury as to what object cut him, whether it was stationary or floating, animate or inanimate. Crowds are usually large at bathing beaches in our cities on warm Sunday afternoons, and the suggestion is near at hand that it ought not to have been difficult for plaintiff to have obtained some testimony as to what he hit. We think the court was right in holding that the evidence furnished no basis for charging the defendant with negligence, there being nothing to indicate to the jury what caused the injury. The res ipsa loquitur rule cannot be applicable to a situation of this kind. Unless the water in the lake was too much affected by the wind or roiled by the stirring up of the bottom by other bathers, plaintiff, while on the diving board at some altitude, could see obstructions or floating objects some distance below the surface. There was no evidence as to these or other matters relating to conditions, or accounting for the absence of any showing in respect thereto. He was at least in as good position as was defendant to show or account for the cause of his injury. It cannot be claimed that the city is liable for maintaining a nuisance without proof of what the nuisance consisted.

The court below also ruled that defendant in the maintenance of bathing facilities in a public park was discharging a governmental function and hence not responsible for negligence to those making use of the same. We so held in Emmons v. City of Virginia, 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860. Plaintiff seeks to distinguish that case from the one at bar on the ground that in the former no charge was made for the use of the slide maintained in the park for public amusement, while here plaintiff paid 25 or 30 cents for the use of the bathing suit, towel, locker and soap. But none of these items caused any injury to him. The lake and the diving scaffold and board were for the free use of plaintiff. Had

he come with his own bathing suit, towel and soap he could have dived and made use of the lake without any charge whatever. No distinction as to right of recovery can or ought to be made between one who supplies his own necessaries when enjoying bathing privileges in a public park and one who rents such necessaries or buys them from the municipality. The fact that the city provides for a price the things needed by those making use of a public bathing beach should not change the city's legal responsibility for negligence in the maintenance of its public parks. It appears without contradiction that the city paid out more to provide guards and the rented and purchased facilities for those who availed themselves of the bathing beach than it received from that source.

Keever v. City of Mankato, 113 Minn. 55, 129 N. W. 158, 775, 33 L.R.A.(N.S.) 339, Ann. Cas. 1912A, 216, and Brantman v. City of Canby, 119 Minn. 396, 138 N. W. 671, 43 L.R.A.(N.S.) 862, are by plaintiff deemed favorable to him. In the first case the city was held liable for death caused by disease-carrying water supplied to private consumers. In the second the city supplied gas to private consumers and also for street lighting and negligently allowed gas to escape to private property, causing damage for which it was held liable. In both cases the municipality engaged in private business and was held liable on the same ground as any individual would be, conducting a similar business, notwithstanding it combined the same with some permissible but not obligatory municipal function, as water for fire protection and gas for street lighting. Had appellant received injury from the bathing suit or towel rented because the city had negligently allowed them to become carriers of disease, the question here presented would have been somewhat analogous to the two cases just referred to.

Assuming that we are wrong in concluding that plaintiff failed to prove that his injury was caused by defendant's negligence, we nevertheless consider Emmons v. City of Virginia, 152 Minn. 295, 188 N. W. 561, 29 A. L. R. 860, decisive against recovery here. Other cases in this court tending to support this view are Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D,

1111, Ann. Cas. 1916E, 897; Bojko v. City of Minneapolis, 154 Minn. 167, 191 N. W. 399; Howard v. City of Stillwater, 171 Minn. 391, 214 N. W. 656. It may be said that the authorities are not in accord. Augustine v. Town of Brant, 249 N. Y. 198, 163 N. E. 732, holds municipalities liable for negligence in maintaining bathing beaches, while Bolster v. City of Lawrence, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285, holds squarely the contrary and also intimates that a small charge for conveniences provided does not change nonliability into liability. That the charge for renting the bathing suit, towel and locker does not make for liability where none without such renting would exist, see Kellar v. City of Los Angeles, 179 Cal. 605, 178 P. 505; Hannon v. City of Waterbury, 106 Conn. 13, 136 A. 876, 57 A. L. R. 402. However, where it appears that a city has leased for a substantial rent a bathing beach with accessories to others but with right of supervision, the city was held liable for negligence in Carta v. City of Norwalk, 108 Conn. 697, 145 A. 158. In addition to decisions from other jurisdictions already cited holding that the maintenance of public parks and bathing beaches by cities for the promotion of public health is the exercise of a governmental function, the following decisions from neighboring states may be noted: Hensley v. Town of Gowrie, 203 Iowa, 388, 212 N. W. 714; Heino v. City of Grand Rapids, 202 Mich. 363, 168 N. W. 512, L. R. A. 1918F, 528; Nemet v. City of Kenosha, 169 Wis. 379, 172 N. W. 711.

The order is affirmed.