844

CITY BANK FARMERS TRUST COMPANY, as Trustee under an Agreement Dated August 17, 1929, Made by ESTHER GITEL KLEIN, Respondent, v. ESTHER GITEL KLEIN, Appellant, and Others, Defendants.— Order denying motion to vacate a judgment settling the accounts of a trustee entered upon default and to permit appellant to appear and answer and to file objections to the account, affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Davis, Johnston and Taylor, JJ., concur; Lazansky, P. J., concurs, but is of opinion that the denial of the motion should be without prejudice to a renewal of the application in the event that the infant succeeds on the merits in her case.

AGNES CURCIO, as Administratrix, etc., of JOHN A. CURCIO, Deceased, Appellant, v. THE CITY OF NEW YORK, Respondent.— Action to recover damages for the wrongful death of plaintiff's intestate, drowned in a municipal public bath because of alleged negligence in failing to maintain adequate guards competent and ready to assist persons using the pool. (Public Health Law, § 312; Board of Health Regulation No. 33, made pursuant to Sanitary Code, § 340.) Judgment dismissing complaint on the merits, entered upon a decision of the court after a trial without a jury, reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event. (1) On this record, as a matter of law the deceased was not guilty of contributory negligence. (2) Whether the respondent was negligent for failure to maintain at the bath during bathing hours a bathing master as required by section 312 of the Public Health Law and regulation 33 of the board of health, and, if thus negligent, whether its negligence was the proximate cause of the decedent's death, were questions of fact. (3) The decision of the trial justice was against the weight of the evidence in so far as alleged negligence of the defendant and proximate cause are concerned. The violation of the statute is negligence if connected in a causal way with the accident. (Martin v. Herzog, 228 N. Y. 164.) There is no requirement that the statute be pleaded or even brought to the attention of the court. (P. G. Poultry Farm v. Newtown B. P. Mfg. Co., 248 N. Y. 293, 297.) Lazansky, P. J., Hagarty, Carswell and Taylor, JJ., concur. Davis, J.: I dissent and vote to affirm. The trial justice, to whom was confided the duty of determining the facts, decided on disputed evidence that there was no actionable negligence. He saw and heard the witnesses and was well informed in respect to the legal principles applicable. I see no valid reason for disturbing the determination thus reached, and granting a new trial.

FIRST NATIONAL BANK OF MINEOLA, as Executor, etc., of HENRY W. ANDREWS, Respondent, v. HELEN FEENEY ANDREWS, Respondent; SILAS H. ANDREWS and Others, Appellants.— In an action brought by the executor for an accounting, and in which the main issue was as to the share of a deceased member of a partnership, interlocutory judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

HILDA HANNES, Respondent, v. RADIO TRANSPORTATION Co., INC., Appellant, and Others, Defendants.— Action for damages for personal injuries resulting from a collision of two automobiles. Order granting a preference on the ground of destitution affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.