ERNST, Respondent, *v.* CITY OF HELENA, Appellant.

(No. 7,603.)

(Submitted January 8, 1937.   Decided March 12, 1937.)

[65 Pac. (2d) 1167.]

Mr. *John W. Mahan*, for Appellant, submitted a brief, and argued the cause orally.

Mr. *Lester H. Loble* and *Mr. Hugh R. Adair*, for Respondent, submitted a brief; *Mr. Adair* argued the cause orally.

MR. CHIEF JUSTICE SANDS, delivered the opinion of the court.

Plaintiff brought this action against the defendant City of Helena to recover for personal injuries suffered in a fall upon a sidewalk. So far as pertinent here, the complaint alleges that upon the easterly side of the sidewalk of a designated block on North Jackson Street in the City of Helena the defendant negligently and carelessly suffered and permitted a certain wooden block, approximately seventeen inches long and eleven inches wide and held in place by four iron bolts, to be fastened and attached in and on the sidewalk and to be approximately three inches or more higher than the surface of the sidewalk, and approximately three inches or more higher than the portion of the walk immediately adjacent thereto, causing the walk to be uneven, defective, unsafe and dangerous for persons traveling thereon, and that at all times the block of wood and the iron bolts attached thereto constituted and were an obstruction on the sidewalk, and that the sidewalk on the day of the injury to plaintiff was, and for more than a year prior thereto had been, in a dangerous and defective condition; that it was by reason thereof unsafe for persons to walk thereon, all of which was well known to the defendant city and of which it had actual knowledge, or, in the exercise of ordinary care or reasonable diligence, could or should have known; that plaintiff was a large woman of the age of 74

years; that for a person of her age she was strong and able-bodied and did and performed all of the household work and duties for herself and her family; that on the evening of October 25, 1932, plaintiff was lawfully walking along the sidewalk in question, wholly unaware of danger and without fault on her part, when her foot struck the aforementioned block of wood and then and there tripped against and fell over it, was thrown violently to the sidewalk and sustained a broken right arm, bruised and injured the patella bone of her right leg as well as her right side, and that her entire nervous system suffered a severe shock, and that the injuries so received are permanent in character.

A general demurrer to the complaint was overruled without argument. Defendant's answer denies all material allegations of the complaint and, by way of affirmative defense, alleges contributory negligence. Plaintiff's reply denies all allegations contained in the affirmative defense.

The cause was tried before the court and a jury. At the close of all the evidence defendant moved for a directed verdict on the grounds that the evidence was insufficient to sustain the verdict and judgment, and that plaintiff's own case presented evidence prima facie making out contributory negligence on her part. The motion was argued and denied. The jury returned a verdict for the plaintiff in the sum of $1,500. The court gave judgment thereon. There was no motion for new trial. The appeal is from the judgment and is based upon two specifications of error: (1) The court erred in overruling defendant's motion for a directed verdict; and (2) the court erred in entering judgment in favor of the plaintiff.

The controversy upon the sufficiency of the evidence is limited here, by brief and argument of appellant city, to the contention that plaintiff's own case presented evidence making out prima facie contributory negligence on her part, and that such evidence failed to exculpate respondent from contributory negligence. There is no contention that plaintiff failed to establish the elements of actionable negligence. The following is a sum-

mary of the evidence upon which defendant city relies in support of its argument:

Plaintiff had been walking over the defective sidewalk since it was constructed, a period of approximately 13 years, and knew that the block of wood and bolts were there. At the time of the accident and injury, plaintiff was proceeding in "an ordinary walk" or "in the ordinary gait." On direct examination she testified: "You ask if anything happened there to frighten me; Oh, a dog was barking and I thought he was coming after me. As to whether I tried to get away from the dog, I looked a little sidelong and then came across the wooden block; there is where I fell." And on cross-examination she stated: "You ask if, having the fact in mind that those blocks were there, I kept over in the sidewalk where the blocks weren't in my way, most of the time; I didn't take any particular notice. Ordinarily I would walk in the portion of the sidewalk away from the blocks and this night I was walking along keeping over slightly from the blocks." Plaintiff further said: "I was walking along in the ordinary gait when I fell and I didn't slip."

It is argued that this evidence clearly shows that plaintiff was paying no particular attention as to where she was going and that she was taking no precaution for her own safety, and that, therefore, she was not exercising the care and diligence of an ordinarily prudent person. The proof is undisputed that the accident happened at night and that there was no moon—that "it was dark and cloudy." The only light was from street lights at the corners of the block (the length of the block not established). It is shown that plaintiff had proceeded to a point near the middle of the block when she tripped on the wooden block above described, rising about three inches above the surface, bolted to the cement walk, about two or three inches from the six-inch curb, leaving a clear walking space of from forty-three to forty-six inches, and that dirt had washed in on this space on the inside, or the side opposite the wooden block, two or three inches, and that at the time of the accident fighting dogs near by distracted plain-

tiff's attention. The condition of the walk had existed for several years and was known, or should have been known, to the city. There was proof of several similar accidents from this defective walk condition, but none of serious character. The proof showed no change of the walk at the time of trial, two and a half years later. The verdict was for $1,500, and it is not seriously contended that it was excessive, if the city is liable at all. It cannot be seriously disputed that the city was negligent in allowing such an obstruction well out into the sidewalk.

The real question is, Was the plaintiff guilty of contributory negligence as the proximate cause of the injury? The plaintiff was not guilty of negligence in traveling on the walk; she was familiar with the condition. In 20 Ruling Case Law, section 98, it is said: "Mere knowledge of the offending instrumentality does not constitute contributory negligence. For example, a person walking or driving on the highway is not precluded from recovering for injuries produced by a defect therein merely by reason of the fact that he knew of the defect. But while an appreciation of the threatened peril is essential to destroy one's right of recovery, it is by no means true that the plaintiff must have been able to foresee the full result of his act or omission. He is not entitled to recover merely because the injury was greater than he anticipated. When, however, the specific evidence submitted only goes to the extent of establishing knowledge of the defect, the question of his contributory negligence should not be withdrawn from the jury. Indeed, it can only be in rare cases, if ever, that the question becomes one of law. In other words, it is for the jury to determine whether knowledge of the physical characteristics of the offending instrumentality constituted a sufficient warning of peril to the plaintiff." The cases are there extensively cited in support of the text, and the law there stated is firmly established.

Nor is plaintiff's testimony that she "didn't take any particular notice" persuasive. Persons long familiar with a given object or condition will not ordinarily give it "particular no-

tice.'' It was dark and cloudy—no moon. The wooden block would be in color not much different in the night from the cement sidewalk and could be easily confusing.

The jury viewed the walk, therefore it had positive evidence; it heard the witnesses and rendered its verdict for plaintiff. In the case of *Olson* v. *City of Butte,* 86 Mont. 240, 283 Pac. 222, 224, 70 A. L. R. 1352, this court said: ''Generally, the question of contributory negligence is one of fact for the determination of the jury. This is true where the evidence is in such a condition that fair-minded men might draw different conclusions. It is only when but one reasonable conclusion can be reached from the facts that the court will determine the question. (*Boyd* v. *Great Northern Ry. Co.,* 84 Mont. 84, 274 Pac. 293; 20 R. C. L. 169; 39 C. J. 1178; *Butler* v. *City of McMinnville,* 126 Or. 56, 268 Pac. 760, 59 A. L. R. 381.) Bearing in mind this well-established rule, we are not willing to say as a matter of law, that it affirmatively appears from plaintiff's testimony that she was guilty of contributory negligence. The question was properly submitted to the jury.'' (See, also, *Armstrong* v. *Billings,* 86 Mont. 228, 283 Pac. 226, and *Mullins* v. *City of Butte,* 93 Mont. 601, 20 Pac. (2d) 626.) The jury here having decided the question against the city, the matter of fact is therefore foreclosed.

The judgment is affirmed.

Associate Justices Stewart, Anderson, Morris and Angstman concur.