JAMES ERNEST ASHWORTH *v.* CITY OF CLARKSBURG

(No. 8482)

Submitted March 2, 1937. Decided March 30, 1937.

*Karl B. Kyle,* for plaintiff in error.

*Myron B. Hymes, Fred B. Haught* and *Robinson & Stump,* for defendant in error.

HATCHER, JUDGE:

Judgment of the circuit court sustaining an award of damages to plaintiff for personal injuries is here under review.

Defendant, City of Clarksburg, maintained a public swimming pool just below a municipal dam, a wing wall of which formed in part a side of the pool. It had a rock bottom of irregular depth, from which the loose rock had been removed. During the swimming season, the city furnished a guard for the pool daily between the hours of two and eight P. M., that being the period the pool was most frequented. Its use at other hours was not forbidden. It was equipped with a diving board; but the venturesome, when not restrained, would also dive from the wing wall. This practice was attended with some danger; so the guards were instructed by the city playground director not to permit it, and the instruction was enforced when a guard was on duty (except as to a portion of the wall which was near the water level). Between one and two P. M., and before the guard had arrived, the plaintiff, aged fifteen years, a visitor to Clarksburg, dived off the wall from a point about four and one-half feet above the water, receiving a deep jagged cut on his knee which resulted in permanent injury. He did not know what his knee struck, but said it was not the bottom of the pool. If not, the evidence discloses two possible causes of injury—the concrete apron of the dam, and a rock. The apron was about a foot thick, was attached to the wall, extended into the pool about ten feet in the direction plaintiff dived, and had an "irregular, rugged and sharp" edge. The surface of the apron was about two feet under the water. The rock was "permanently" attached to the bottom, its base extending under the edge of the apron. The rock was cone-shaped and "ragged along the edges". The apex of the cone was a foot or more beyond the edge of the apron, and was about the

same distance under water as the apron. Due to turbidity of the water, both apron and rock were invisible. There was a sign "Keep Off the Dam" about the center of the dam; but there was no sign on the wall. Plaintiff did not know that diving from the wall was prohibited. He had observed other boys doing so from the point he selected. Before diving himself, he waded to the place he thought they "struck" the water where he found the depth between four and five feet, but did not discover the proximity of the apron or the rock. Other swimmers, seeing him about to dive, called warnings which he denied hearing. He seemingly had more than average intelligence. He was familiar with swimming pools and understood the purpose of the wing wall in connection with the dam.

The city charter conferred upon the defendant the power to control public grounds and parks. A public park is ground used for public recreation. Since the public has various recreational preferences, the use of a public park may also vary. Swimming is a popular and healthful recreation. So we are of opinion that a public swimming pool is within the definition of a public park and the city had charter power to operate the pool. *Bolster* v. *Lawrence*, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285. Whatever the law in other jurisdictions, it is the law in this state that a municipality acts as a proprietor in maintaining a public park. In this capacity, the city must exercise ordinary care, and is liable to one injured through a breach of that duty. *Warden* v. *Grafton*, 99 W. Va. 249, 128 S. E. 375, 42 A. L. R. 259; *Carder* v. *Clarksburg*, 100 W. Va. 605, 607-8, 131 S. E. 349. The public maintenance of the pool was a public invitation, addressed especially to youth. It is immaterial that the wing wall was not designed or maintained for a diving platform. The guards had actual knowledge of constant attempts to use the wall for that purpose. The city officials had either actual knowledge of the use, or realized the natural propensity of youth to dive from elevated places around the pool—hence, the order not to allow such diving. Whether the defendant was primarily negligent in not posting a sign on the wing wall, or in not

taking other means to prevent diving off the wall when a guard was not on duty, and if so, whether plaintiff was contributorily negligent, were both jury questions.

Some instructions were not faultless; but considering them as a whole, we are of opinion that the jury was sufficiently and fairly instructed, on behalf of each litigant. The judgment is affirmed.

*Affirmed.*