In the Matter of the Application of MARDA F. LULE, Appellant, for an Order against JOHN N. BRENNAN, Supervisor of the Town of Smithtown, and ROY O. BRADLEY, W. ROYDEN KLEIN, WILLIAM HAUSCHILDT and PATRICK DOWLING, Justices of the Peace of the Town of Smithtown, All Constituting the Town Board of the Town of Smithtown, Suffolk County, N. Y., Respondents.— Order denying the application of the petitioner, under article 78 of the Civil Practice Act, to be reinstated as building inspector of the town of Smithtown, Suffolk county, unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. No opinion. Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.

In the Matter of the Application for Support, Education and to Establish the Paternity of a Child Born out of Wedlock. JAMES H. RONALDS, Respondent; ADELAIDE WEBB, Appellant.— On appeal from an order made and entered in the office of the clerk of the Children's Court of the County of Nassau dismissing complaint in a paternity proceeding, order unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

EDITH LIGGETT, Appellant, v. DAILY WORKER, CLARENCE A. HATHAWAY and HYMAN COLODNY, Respondents.— Order modified by providing that the motions to vacate the judgment be granted as to defendants Daily Worker and Hathaway and denied as to defendant Colodny, and by striking out the provision permitting Colodny to appear for examination pursuant to the stipulation of September 20, 1937. As so modified the order is affirmed, without costs; the examination to be held on five days' notice. The order of February 8, 1938, did not direct Colodny to appear for examination on April 1, 1938. It indicated that he was free to appear pursuant to the special stipulation which related to him. When a failure to comply with the order of February 8, 1938, was made the subject of a motion to punish for contempt, the court granted the motion as to Colodny even though he was not directed by that order to appear on April 1, 1938. Hence in so far as the order of April 26, 1938, found Colodny in contempt, it was in error. The remedy, however, was by an appeal from that order; none was taken. So far as Hathaway was concerned, the situation before the court which eventuated in the order appealed from concerned a different factual situation from that upon which the order of April 26, 1938, was made. Hence Hathaway was free, despite the April 26, 1938, order, to obtain the relief given him. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.

KATHRYN MACGILLICUDDY, Respondent, v. THE CITY OF NEW YORK, Appellant. — Action to recover for personal injuries. Plaintiff, a bather, was struck by a pole carried in by the surf. The pole had been negligently placed on the beach by employees of defendant. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

MILDRED MILES, Respondent, v. CLYDE H. PROPER, Appellant, and GUS TURKETT, Respondent.— Order denying motion to change the place of trial from Kings county to Ulster county reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The plaintiff resides in Queens county. The defendants live in Schoharie county and the accident happened in Ulster county. The convenience of witnesses will be served if the action is tried in the county where the accident happened. In our opinion, under the facts in this case, the moving defendant is not guilty of laches. Lazansky, P. J., Hagarty, Davis and Adel, JJ., concur; Carswell, J., not voting.