## GOUDEAU et al. v. INDEMNITY INS. CO. OF NORTH AMERICA.

### No. 2182.

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

494

Plauche & Stockwell, of Lake Charles, for appellants.

Pugh & Buatt, of Crowley, for appellee.

LeBLANC, Judge.

The plaintiff in this suit, Mrs. Lou Hautot Goudeau, was injured on June 26, 1938 when she slipped and fell on a board walk or platform on the edge of a swimming pool in the City of Crowley, while she was on her way to an adjoining dressing room. The swimming pool is owned and operated by the City of Crowley and, at the time of Mrs. Goudeau's injury, was insured against public liability by the Indemnity Insurance Company of North America, the defendant herein.

Mrs. Goudeau, with her two small daughters and a sister, had gone to the pool in the afternoon and after paying the fee charged, they all went in and enjoyed the privileges of bathing and the other facilities provided for patrons. At about 4 o'clock she got out of the pool, making use of one of the ladders used for that purpose, and started on her way to one of the dressing rooms when she slipped and fell and suffered a fracture of her left arm. She has instituted this suit seeking to recover damages against the defendant insurance company, in the total sum of $9,500. Her husband, Barbe Goudeau, has joined her as plaintiff in the suit demanding in his own name the sum of $400 for doctors and other medical expenses incurred in the treatment of her injury and in the employment of added help made necessary in the performance of her household duties.

In the petition of the plaintiffs it is alleged that there was a large number of visitors at the pool on the afternoon Mrs. Goudeau was injured and because so many people were using the pool and board walk the floor was wet and in a slippery and dangerous condition. It is alleged further that notwithstanding the crowd and the condition referred to, no additional precautions were taken for the safety of the patrons. Specifically, the negligence charged consists (1) in the City operating a swimming pool which was improperly constructed, (2) in permitting the paths or walks used by patrons to become wet and slippery, (3) in not taking necessary and proper precautions to safeguard the safety of patrons and (4) in not remedying a dangerous condition known to exist.

In its answer, the defendant recites at some length the manner of construction of the swimming pool and adjoining platform connecting the dressing rooms, and the method of operation with the view of safeguarding the patrons who use it. It is denied that on the day Mrs. Goudeau was injured the number of patrons was larger than usual but, on the contrary, it is averred that as it had rained that afternoon there were fewer bathers and there was no necessity for any extra precautions for their safety. Defendant denies any negligence on the part of the City of Crowley and, in the alternative, pleads contributory negligence on the part of Mrs. Goudeau as a bar to recovery of the demands made by her and her husband.

From a judgment in favor of the defendant rejecting their demands and dismissing the suit, plaintiffs have taken and perfected this appeal.

The first charge of negligence, as we have seen, relates to the construction of the swimming pool and more particularly, we assume, to the platform or board walk on which Mrs. Goudeau slipped and fell. The evidence reveals that the pool itself is made of concrete with a wooden platform or board walk around it. There are photographs filed in the record which give the Court a very clear conception of its construction. These show the south side of the pool along which is the row of dressing rooms and the board walk on that side with a roof extending partly over the same. Benches for the convenience of patrons and visitors are attached to the walls separating the dressing rooms from the board walk. Three ladders, placed at different depths in the pool, provide the means of exit from the pool itself. After leaving any of the exits, the bather steps directly on to the board walk which is eight feet in width. A strip of composition roofing paper, three feet wide, was laid lengthwise on the board walk, at about the center, and

a similar strip laid cross-wise leading from each exit from the pool to the center strip, and other strips are also laid from the center strip to each of the four entrances to the dressing rooms. A sample of the tar or roofing paper was produced for the record and it is shown to have a gritty surface which gives the appearance of a means to prevent a person walking on it from skidding or slipping, for which it was intended when it was laid down.

As undoubtedly Mrs. Goudeau did slip and fall, it would seem that she must have stepped off of the strip on to a remaining uncovered portion of the board walk. She does not state positively that she did or did not, but a fair assumption is that she did, if not with both, at least with one or the other of her feet. A rather strange thing is that although it is charged, in order to bolster the issue of negligence, that there was an unusually large crowd of people at the pool that day, no one seems to have seen Mrs. Goudeau slip and fall and she was up before any one noticed her and had time to render or offer assistance.

■ We fail to find anything faulty with the construction of the pool or the board walk. On the contrary, proper and extra precaution seemed to have been taken in order to reasonably secure the safety of patrons against slipping and falling by the laying of this strip of roofing material on the board walk. The very fact that Mrs. Goudeau fell because she skidded on a slippery surface would tend to indicate that she was not making use of the very means of safety which had been provided for her as one of the patrons at the pool.

■ The next charge made against the City is failure in its duty, while operating a swimming pool, to keep the board walks and paths used by bathers from becoming wet and slippery. Here, we think that plaintiff is endeavoring to impose a rather unreasonable duty on the operator of a swimming pool; a duty which we think is hardly possible of fulfillment. From its very nature, the business is one in which it is to be expected that the surrounding surface of the pool itself and the adjoining board walk, as in this case, would be constantly kept wet by the dripping water from the bathers jumping in and out of the pool. Again it might be stated that the City did endeavor to guard against danger in this respect by placing the strip of gritty roofing material on the board walk and which precaution, had Mrs. Goudeau carefully availed herself of, might very reasonably have prevented the accident and the resulting injury which she sustained. It is urged in argument that as it is shown that since this accident, the City has laid additional strips of the roofing material on the board walk, this is an indication of its lack of better protection before. But it is not shown that the additional covering was necessary on the day Mrs. Goudeau slipped, to prevent her accident. There was ample covering for her to secure her safety had she made proper use of it. She has not proven that the number of patrons was unusually large that afternoon and has failed to show that there was even a single person near her to crowd her off of the strip that was there for her protection at the time she fell.

The remaining two charges of negligence are so involved in the two already discussed that they may be said to have been disposed of in the discussion of these two.

■ Counsel for plaintiffs further contend that the case is a proper one for the application of the rule of "res ipsa loquitur", basing this contention principally on the decision in the case of Rome v. London & Lancashire Indemnity Company of America, La.App. 169 So. 132, in which that doctrine was applied and the operator of a swimming pool held liable for the accidental drowning of a ten year old boy. In that case, naturally, death had removed all chance and possibility of explanation on the part of the boy as to how the accident happened, and it was otherwise shown that although the guard station was not fifteen or twenty feet away, not one of the life guards on duty saw him or knew whether he was in distress. This, it was held, gave rise to a presumption of negligence which the operator of the pool was called on to explain or rebut. The situation in the case before us is, of course, far from being the same in that respect. Mrs. Goudeau was in a better position perhaps than any one else to explain how and why she fell, and, following our ruling in the case of Gershner v. Gulf Refining Co., 171 So. 399, to the effect that the doctrine cannot be invoked where the plaintiff is in an equal position with the defendant to supply information regarding the accident (citing Corpus Juris Vol. 45, p. 1205), we hold that it cannot be applied in the present case.

We are convinced as was the trial judge that there has been no negligence shown on the part of the City of Crowley and that the judgment which rejected the plaintiffs' demands and dismissed their suit against the defendant insurance company herein is correct, and it is accordingly affirmed at the costs of the appellants.