In the Matter of the Application of JOSEPH PRICE CUMMINGS for Admission to Practice as an Attorney. (From the State of Illinois.) — Application granted. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of the Application of THOMAS J. KENNEDY for Admission to Practice as an Attorney. (From the State of Nebraska.) — Application granted. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

In the Matter of the Application of EMORY CHASE NAYLOR for Admission to Practice as an Attorney. (From the District of Columbia.) — Application granted. Present — Close, P. J., Hagarty, Johnston, Adel and Lewis, JJ.

## THIRD DEPARTMENT, JUNE, 1944.

### (June 3, 1944.)

JENNIE FEDEAROWICZ, as Administratrix of the Estate of JOSEPHINE FEDEAROWICZ, Respondent, v. CITY OF AMSTERDAM, Appellant.

Judgment affirmed, with costs.

HILL, P. J. (dissenting). Plaintiff's intestate, a child nine years old, was drowned on June 21, 1943, in a swimming pool connected with a park owned and operated by the appellant. The pool was surrounded by a high, substantial fence in which there were two or more gates, padlocked. The pool was to be opened to the public on June 28, when there would be caretakers and supervisors in charge and the gates would be opened. The manner in which the intestate entered the enclosure is not proven. Four methods are suggested: scaling the outer side of the dam by climbing upon an outlet pipe; swinging around the end of the fence which was flush with the concrete bulkhead; climbing a bank on one side of the pool and scaling the fence; by proceeding upstream toward its source, apparently upon private property. By action of the city authorities, the pool was closed at the time of the drowning. During the day there had been a considerable number of children in the pool. These had been sent away by a steady employee who was mowing the adjacent lawns. Ordinarily the pool was drained when not in use, but the intake and the outlet had each been tampered with, presumably by children in their effort to anticipate the permitted user.

Both by closing and locking the gates and by action of the city authorities, all persons knew that the public were not invited to use this pool on June 21. Under quite similar circumstances a city has been held free from liability. (*Cunningham* v. *City of Niagara Falls*, 242 App. Div. 39, affd. 269 N. Y. 644.) The State of New York assumed no liability on account of a partially unguarded catwalk along a canalizing dam across the Mohawk River, although the supervising authorities had knowledge that children were using the walk to cross the river, and for fishing. (*Panunzio* v. *State of New York*, 266 App. Div. 9, affd. 292 N. Y. 625.)

The judgment should be reversed on the law and the complaint dismissed. All concur with decision except Hill, P. J., who dissents in memorandum. Judgment affirmed, with costs.