LAZICH, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 8364.)

(Submitted May 10, 1944.   Decided November 9, 1944.)

[154 Pac. (2d) 260.]

*Mr. P. E. Geagen* and *Mr. E. J. Foley,* for Appellant, submitted a brief; *Mr. Geagan* argued the cause orally.

*Mr. H. L. Maury* and *Messrs. H. J.* and *Wm. J. B. Freebourn,* for Respondent, submitted a brief; *Mr. Maury* and *Mr. H. J. Freebourn* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an action for damages for an injury alleged to have been sustained by a seven-year old boy who, while on his way home from school at the noon hour, stumbled over loose boards on the sidewalk and fell, injuring his knee. The plaintiff is the mother and brings the action as the minor's guardian.

An action growing out of the same accident was before this court in April, 1940, *Lazich* v. *Belanger,* 111 Mont. 48, 105 Pac. (2d) 738. That action came here by appeal from a judgment entered after a demurrer to the complaint was sustained, the plaintiff having refused to plead further. We reversed the lower court in that case on the ground that the complaint stated a cause of action and remanded the cause with directions to overrule the demurrer. The ruling in that case, whether erroneous or not, has no application to the case at bar. There we held that the injured child, being a minor, was non *sui juris,* and for that reason the provisions of section 5080, Revised Codes, as amended by Chapter 122 of the 1937 Session Laws, did not apply as to the provisions of that statute relative to the sixty days' notice of injury.

Section 5080, Revised Codes, as amended, provides: "Before any city or town in this state shall be liable for damages to person and/or property for, or on account of, any injury or

388

loss alleged to have been received or suffered by reason of any defect or obstructions in any bridge, street, road, sidewalk, culvert, park, public ground, ferryboat, or public works of any kind in said city or town, it must first be shown that said city or town had actual notice of such defect or obstruction and reasonable opportunity to repair such defect or remove such obstruction before such injury or damage was received; the city clerk must make a permanent record of all such reported defects and shall report to the city street commissioner immediately upon notice of such defect or obstruction; and the person alleged to have suffered such injury or damage, or someone in his behalf, shall give to the city or town council, commission, manager, or other governing body of such city or town, within sixty days after such injury is alleged to have been received or suffered, written notice thereof, which notice shall state the time when and the place where such injury [is] alleged to have occurred. Provided, however, that this section shall not exempt cities and towns from liability for negligence because of failure to properly place signs, markers or signals to warn persons of excavations or other obstructions existing and caused by said city or town, upon any bridge, street, alley, road, sidewalk, pavement, culvert, park, public ground, ferryboat or public works of any kind.''

In the case at bar it is not the notice of injury to the child, but notice of the material being piled on the sidewalk, that is in issue. It will be noted that the statute provides that the city must have actual notice and a ''reasonable opportunity to repair such defect or remove such obstruction,'' before any liability for damages shall attach. The record shows the material was placed on the sidewalk some time between eleven a. m. and noon of the day of the accident. It is not shown that the city had any ''actual notice'' of the lumber being upon the sidewalk. Hence it could have had no ''reasonable opportunity'' to have the lumber removed. However, to meet this situation the plaintiff predicates her action upon the theory that when the city issued the permit to the contractor who did the remodeling work, the city thereby constituted the contractor the city's agent

and "actual knowledge" of the contractor was actual knowledge of the city.

We cannot subscribe to any such theory. The application for the building permit and the permit issued appear in the transcript as plaintiff's Exhibit "A." There is nothing in this exhibit that shows any intention on the part of the city to give the contractor power to act as the city's agent in any capacity. Rather such a permit is, in the nature of a license, required by municipal ordinance authorizing building contractors and others who undertake to construct buildings, to install plumbing and perform other similar acts and things within the corporate limits of the municipality.

City ordinances enacted by municipal organizations requiring that a permit shall be obtained from the municipality before any building shall be erected or repaired, or any other work of a similar nature or kind is begun, within the corporate limits of the municipality, are regulations established pursuant to and in the exercise of the police powers vested in municipalities. In issuing a building permit to the contractor involved in the case at bar the city of Butte was merely complying with the regulatory provisions of the ordinance. The provisions of the building ordinance were not set out in the transcript, but it is not contended that they provided that where a building permit should be issued to a building contractor to repair or erect a building in the city, such contractor should become an agent of the city to keep the sidewalk free from obstructions. Section 5039.37 empowers city and town councils to prevent encumbering sidewalks with obstacles and material and such legislative grant carries the implied power to compel observance of such regulation. This means that the enforcement of this regulation must be made effective by the officers or employees of the municipality. Even if it were held that the contractor were the agent of the city it would be necessary to establish the fact that the alleged negligent act of the agent was done pursuant to and within the scope of the authority delegated to the agent by his

principal. We do not think the city of Butte could, even by express attempt, delegate any powers to others than those who are empowered by statute either as officers or employees to act for the city.

Section 4956, Revised Codes, provides: "Every city has legislative, executive, and judicial power. Its legislative power is vested in a city council, its executive power in a mayor and his subordinate officers, and its judicial power in a police court."

Municipalities have only such powers as are expressly granted (*Milligan* v. *City of Miles City*, 51 Mont. 374, 153 Pac. 276, L. R. A. 1916C, 395), and such powers cannot be delegated. (*Helena Light & R. Co.* v. *City of Helena*, 47 Mont. 18, 130 Pac. 446.) A city is, of course, liable for damages arising out of the negligence of its officers and employees for acts done within the scope of their employment, but not otherwise.

2 Bouv. Law Dict., Rawle's Third Revision, p. 2569, defines "permit" as "A license or warrant to do something not forbidden by law." The word has been frequently defined in court decisions: "Permit" means "allowing by tacit consent or by not hindering." (*State* v. *Peters*, 112 Ohio St. 249, 147 N. E. 81, 84.) "The word 'permit' means 'to resign'; 'to allow'; 'to suffer'; 'to put up with'; 'not to prohibit.' " (*Murphy* v. *Roney*, 26 Ky. Law Rep. 634, 82 S. W. 396, 398.) Webster defines "permit" as "A written license or permission given by a person or persons having authority."

In none of the authorities do we find where one holding a permit or a license issued by a municipality is classified as an agent of the municipality by reason of holding its permit or license. The contractor was not an officer or employee of the city of Butte, but was the contracting agent of the owner or owners of the building.

Even though we should find the contractor to be the agent of the city yet the plaintiff could still not prevail. The crux of this lawsuit is notice. The statute is unequivocal in its terms.

It provides but one kind of notice and that is actual notice. The most that could be said on the granting of the permit or the alleged agency of the contractor would be that it gave the city constructive notice. That is not sufficient.

We find no merit in the contentions of the plaintiff and the judgment must be reversed.

Other reasons appear in the record that cast doubt upon the merits of the plaintiff's cause. This is particularly true of the evidence showing the child according to attending physicians did not have proper treatment for more than a month after the accident, during which time the injury developed to a very dangerous degree. It appears that the physician called just after the accident was in doubt about the kind or extent of the injury from which the child was suffering, but suspected osteomyelitis, and advised an operation. The parents of the child would not consent to an operation, but depended upon the treatment given the child by a Chinese herb doctor. It is clear from the testimony of two or more of the attending physicians that the delay in affording the child proper treatment allowed the disease to develop unchecked. In the meantime the leg became badly swollen and discolored, and the body of the child emaciated from intense suffering, and lack of nourishing food. It further appears that if some members of a local civic organization in Butte had not by chance learned of the condition of the child and arranged to have him sent to the Mayo Clinic for an operation, he would not have recovered. The Rochester institution diagnosed the illness as osteomyelitis and operated, which in some weeks resulted in much improvement in the infected bone condition, and started the growth of new bone to replace that infected.

Further contentions we deem to be without merit.

The judgment is reversed and remanded with instructions to dismiss the action.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANDERSON and ERICKSON concur.

MR. JUSTICE ADAIR:

I concur in the result but not in all that is said in the opinion above.

Rehearing denied December 30, 1944.