This is an action against the City of Great Falls, a municipal corporation, for special and general damages for the death of plaintiffs' daughter. The trial court sustained a general demurrer to the complaint and thereafter entered judgment for the defendant city. The appeal is from the judgment.
The complaint charges the defendant City of Great Falls with negligence in the maintenance and operation of its public swimming pool resulting in death by drowning of plaintiffs' daughter, Annie Felton.
The powers granted to a municipal corporation are of *Page 587 [1] two classes, namely: (1) Public or governmental, and (2) proprietary or quasi private. State ex rel. City of Missoula v. Holmes, 100 Mont. 256, 274, 47 P.2d 624, 100 A.L.R. 581.
The question presented is whether in maintaining and operating its public swimming pool the City of Great Falls acted as aproprietor or as a government.
The defendant contends that the maintenance and operation by a municipal corporation of a public swimming pool is a governmental function for the negligent performance of which the municipality is immune from liability, and cites as controlling herein Perkins v. Trask, 95 Mont. 1, 23 P.2d 982 and Rhoades v. School District No. 9, 115 Mont. 352, 142 P.2d 890, 160 A.L.R. 1. These cases involved the tort liability of school districts. "As a general proposition, a school district, being merely an agency of the state, is not, in the absence of statute imposing such liability, liable for torts committed by its trustees or employees." 47 Am. Jur., title "Schools," sec. 56, p. 334.
In Heiser v. Severy, Mont., 158 P.2d 501, 160 A.L.R. 319, the Montana State Fish and Game Commission was held to be a state agency under the control of the state and therefore immune from liability in an action ex delicto.
In Coldwater v. State Highway Commission, Mont.,162 P.2d 772, the state highway commission was held to be an agency of the state and, as such, immune from liability in an action ex delicto.
"A municipal corporation must be distinguished, on the one hand, from other governmental bodies which although municipal are not corporations, and, on the other hand, from corporations which although public are not municipal." 37 Am. Jur., title "Municipal Corporations," section 6, p. 623. "A city or town is a true municipal corporation; whereas * * * school districts are bodies corporate. They are not municipal corporations, but rather political subdivisions." State v. Holmes, supra [100 Mont. 274,47 P.2d 628]. *Page 588 
A municipal corporation has a dual nature or capacity, one public and the other private, and exercises correspondingly twofold functions and duties. 38 Am. Jur., title "Municipal Corporations," section 572, p. 261. "In its governmental or public character, the corporation is made, by the state, one of its instruments, or the local depository of certain limited and prescribed political powers, to be exercised for the public good in behalf of the state rather than for itself. But in its proprietary or private character, the theory is that the powers are supposed not to be conferred primarily or chiefly from considerations connected with the government of the state at large, but for the private advantage of the compact community which is incorporated as a distinct legal personality or corporate individual; and as to such powers, and to property acquired and contracts made thereunder, the corporation is frequently regarded as having the rights and obligations of a private, rather than those of a public corporation." 37 Am. Jur., title "Municipal Corporations," section 114, p. 727.
In view of the dual nature or capacity of municipal corporations decisions such as Perkins v. Trask, supra, Rhoades v. School District No. 9, supra, and Bartell v. School District No. 28, 114 Mont. 451, 137 P.2d 422, involving the tort liability of school districts or their trustees or employees rather than the tort liability of municipal corporations, cannot be considered as controlling in this case.
On the question before us there are two conflicting lines of decisions.
The so-called Massachusetts line of cases holds that the maintenance and operation of a public swimming pool by a municipal corporation is a governmental function for the negligent performance of which the municipality is immune from liability. See Bolster v. City of Lawrence, 1917, 225 Mass. 387,114 N.E. 722, L.R.A. 1917B, 1285; Curran v. Boston, 1890,151 Mass. 505, 24 N.E. 781, 8 L.R.A. 243, 21 Am. St. Rep. 465: Harkinson v. City of Manchester, 1939, 90 N.H. 554,5 A.2d 721; City of Evansville v. Blue, 1937, *Page 589 212 Ind. 130, 8 N.E.2d 224; Kellar v. City of Los Angeles, 1919,179 Cal. 605, 178 P. 505; Benton v. City of Santa Monica, 1930,106 Cal.App. 339, 289 P. 203; Crone v. City of El Cajon, 1933,133 Cal.App. 624, 24 P.2d 846; Hannon v. City of Waterbury, 1927, 106 Conn. 13, 136 A. 876, 57 A.L.R. 402; Hoffman v. City of Bristol, 1931, 113 Conn. 386, 155 A. 499, 75 A.L.R. 1191; Carta v. City of Norwalk, 1929, 108 Conn. 697, 145 A. 158; Reid v. City of Atlanta, 1929, 39 Ga. App. 519, 147 S.E. 789; Petty v. City of Atlanta, 1929, 40 Ga. App. 63, 148 S.E. 747; Hendricks v. Urbana Park District, 1932, 263 Ill. App. 102; Love v. Glencoe Park District, 1933, 270 Ill. App. 117; Gebhardt v. Village of La Grange Park, 1933, 354 Ill. 234, 188 N.E. 372; Prickett v. City of Hillsboro, 1944, 323 Ill. App. 235, 55 N.E.2d 306; Mocha v. Cedar Rapids, 1927, 204 Iowa 51, 214 N.W. 587; Warren v. Topeka, 1928, 125 Kan. 524, 265 P. 78, 57 A.L.R. 555; Sroufe v. Garden City, 1938, 148 Kan. 874, 84 P.2d 845; Shoemaker v. City of Parsons, 1941, 154 Kan. 387, 118 P.2d 508; Board of Council of City of Danville v. Vanarsdale, 1934, 256 Ky. 503,76 S.W.2d 237; Goudeau v. Indemnity Co. of N.A., 1941, La. App.,200 So. 493; Mayor City Council of Baltimore v. State, 1937,173 Md. 267, 195 A. 571; Heino v. Grand Rapids, 1918, 202 Mich. 363,168 N.W. 512, L.R.A. 1918F, 528; St. John v. City of St. Paul, 1929, 179 Minn. 12, 228 N.W. 170; Toft v. City of Lincoln, 1933,125 Neb. 498, 250 N.W. 748; Caughlan v. City of Omaha, 1919,103 Neb. 726, 174 N.W. 220; Selden v. City of Cuyahoga Falls, 1937,132 Ohio St. 223, 6 N.E.2d 976; Mola v. Metropolitan Park District of City of Tacoma, 1935, 181 Wn. 177,42 P.2d 435; Gench v. City of Milwaukee, 179 Wis. 95, 190 N.W. 843; Virovatz v. City of Cudahy, 1933, 211 Wis. 357, 247 N.W. 341.
The so-called New York line of cases, on the other hand, holds that the maintenance and operation by a municipal corporation of a public swimming pool is a mere private or corporate function for the negligent performance of which the municipality is liable. See Pierce v. Village of Ravena, 1940, *Page 590 174 Misc. 774, 22 N.Y.S.2d 32; Rafsky v. City of New York, 1939, 257 App. Div. 855, 12 N.Y.S.2d 560; Curcio v. New York, 1937, 249 App. Div. 844, 292 N.Y.S. 868; Brito v. City of New York, 1938, 254 App. Div. 896, 5 N.Y.S.2d 519; MacGillicuddy v. City of New York, 1938, 255 App. Div. 793, 7 N.Y.S.2d 71; Augustine v. Town of Brant, 1928, 249 N.Y. 198, 163 N.E. 732; Fedearowicz v. City of Amsterdam, 1944, 268 App. Div. 803,49 N.Y.S.2d 16; Ehrgott v. Mayor, etc. of City of New York, 1884,96 N.Y. 264, 18 Am. Rep. 622; Martin v. City of Asbury Park, 1933, 111 N.J.L. 364, 168 A. 612; Pickett v. City of Jacksonville, 1945, 155 Fla. 439, 20 So.2d 484; Ide v. City of St. Cloud, 1942, 150 Fla. 806, 8 So.2d 924; Norberg v. Hagna, 1923, 46 S.D. 568, 195 N.W. 438, 29 A.L.R. 841; Norberg v. Watertown, 1928, 53 S.D. 600, 221 N.W. 700; Glirbas v. City of Sioux Falls, 1935, 64 S.D. 45, 264 N.W. 196; City of Belton v. Ellis, Tex. Civ. App., 1923, 254 S.W. 1023; Ronsley v. City of Ft. Worth, Tex. Civ. App., 1940, 140 S.W.2d 257; Burton v. Salt Lake City, 1927, 69 Utah 186, 253 P. 443, 51 A.L.R. 364; Warden v. City of Grafton, 1925, 99 W. Va. 249, 128 S.E. 375, 42 A.L.R. 259; Ashworth v. City of Clarksburg, 1937, 118 W. Va. 476,190 S.E. 763; Hoggard v. City of Richmond, 1939, 172 Va. 145,200 S.E. 610, 120 A.L.R. 1368; Capp v. City of St. Louis, 1913,251 Mo. 345, 158 S.W. 616, 46 L.R.A., N.S., 731, Ann. Cas. 1915C, 245; Nation v. City of St. Joseph, Mo. App., 1928, 5 S.W.2d 1106; Thayer v. City of St. Joseph, 1932, 227 Mo. App. 623,54 S.W.2d 442; Barthold v. City of Philadelphia, 1893, 154 Pa. 109,26 A. 304; Liguori v. City of Philadelphia, 1945, 351 Pa. 494, 41 A.2d 563; Longmont v. Swearingen, 1927, 81 Colo. 246,254 P. 1000; Canon City v. Cox, 1913, 55 Colo. 264,133 P. 1040; City of Denver v. Spencer, 1905, 34 Colo. 270, 82 P. 590, 2 L.R.A., N.S., 147, 114 Am. St. Rep. 158, 7 Ann. Cas. 1042.
See also Burton v. Salt Lake City, 60 Utah 186, 253 P. 443, 51 A.L.R. 370; Hannon v. Waterbury, 106 Conn. 13, 136 A. 876,57 A.L.R. 406; Hoggard v. City of Richmond, 172 Va. 145, *Page 591 200 S.E. 610, 120 A.L.R. 1368; Emmons v. City of Virginia,152 Minn. 295, 188 N.W. 561, 29 A.L.R. 863; Warden v. Grafton,99 W. Va. 249, 128 S.E. 375, 42 A.L.R. 263; Hoffman v. City of Bristol, 113 Conn. 386, 155 A. 499, 75 A.L.R. 1196; 99 A.L.R. 686; City of Mangum v. Brownlee, 181 Okla. 515, 75 P.2d 174, 3 N.C.C.A., N.S., 419; Melendez v. City of Los Angeles, 8 Cal.2d 741,68 P.2d 971, 2 N.C.C.A., N.S., 706.
Section 5166, Revised Codes of 1935, as amended by Chapter 60, Laws of 1941, pp. 95, 96, provides: "All cities or towns incorporated under the laws of the State of Montana, in addition to other powers conferred upon them, may, in their discretion, construct, establish, maintain, and operate swimming pools, skating rinks, playgrounds and museums, and to defray the cost and expense of constructing, establishing, maintaining, and operating the same from the park funds of said city or town." See, also, Ch. 71, Laws 1945, pp. 128, 129.
Helena Consolidated Water Co. v. Steele, 1897, 20 Mont. 1,49 P. 382, 37 L.R.A. 412, holds that a municipal water supply is a strictly local or private concern of the city, as distinguished from one in which the people generally have a common interest. See also Campbell v. City of Helena, 92 Mont. 366, 16 P.2d 1
and Safransky v. City of Helena, 98 Mont. 456, 39 P.2d 644.
State ex rel. Gerry v. Edwards, 1910, 42 Mont. 135,111 P. 734, 32 L.R.A., N.S., 1078, Ann. Cas. 1912A, 1063, holds that matters pertaining to the creation and maintenace of public parks in cities are of purely local or private concern. See, also, City of Kokomo v. Loy, 1916, 185 Ind. 18, 112 N.E. 994; Boise Development Co. v. Boise City, 1914, 26 Ida. 347, 143 P. 531; Byrnes v. City of Jackson, 1925, 140 Miss. 656, 105 So. 861, 42 A.L.R. 254.
Griffith v. City of Butte, 1925, 72 Mont. 552, 234 P. 829, holds that the maintenance and operation by the city of street sprinkler trucks for cleaning the city's streets is ministerial *Page 592 
and corporate, for the negligent performance of which function the city is liable.
In Stevens v. City of Butte, 1938, 107 Mont. 354,85 P.2d 339, the city was held liable in damages for personal injuries to a pedestrian occasioned by the negligence of the city's employees in the handling of a large hose employed in washing and cleaning out a sewer in the city.
Respecting the liability of a municipal corporation for negligence in keeping its streets, alleys and ways in a reasonably safe condition for public travel, the decisions of this court are in alignment with the New York line of cases. See Gilligan v. City of Butte, Mont., 166 P.2d 797; Maynard v. City of Helena, Mont., 160 P.2d 484; Green v. City of Roundup, Mont. 157 P.2d 1010; Lazich v. City of Butte, Mont., 154 P.2d 260; Barry v. City of Butte, 115 Mont. 224,142 P.2d 571; Ernst v. City of Helena, 104 Mont. 249,65 P.2d 1167.
In Hoggard v. Richmond, 172 Va. 145, 200 S.E. 610, 615, 120 A.L.R. 1368, the Virginia Supreme Court of Appeals was called upon to decide the question here presented and we are most favorably impressed with the reasoning and conclusion of that court wherein it said:
"Confronted as we are by * * * a sharp conflict in the decisions of other jurisdictions, we feel free to decide the question of tort arising from the activity of the municipality in maintaining an artificial swimming pool, as one of first impression.
"Furnishing water to the inhabitants of a municipality for domestic purposes, and furnishing water to inhabitants to be used for the purpose of public swimming and bathing, are closely allied activities. Each activity tends to promote the health and happiness of its inhabitants. To hold a municipality liable for tort when engaged in one of these activities, and immune from liability when engaged in the other, is obviously unsound. This illogical distinction with the harsh results inflicted upon the individual who has suffered personal injury *Page 593 
through the negligence of the municipality or its servants, by which these activities are conducted, has been severely criticized. See 19 Va. L.R. 97; 23 Mich. L.R. 325; 34 Mich. L.R. 1250; 34 Yale L.R. 129, 143, 229; 35 Yale L.R. 759, 1039; 28 Col. L.R. 577, 734; and note, 75 A.L.R. 1196. * * *
"Under the circumstances stated, we hold that the operation of a swimming and bathing pool by a municipality under the provisions of its charter, or the general law, is a ministerial act, and that where a wrongful act causing injury is committed by the servants of a municipality in the performance of a purely ministerial act, the municipal corporation is liable as any other private corporation, even though it does not derive any pecuniary advantage from such activity.
"Applying these principles to the facts alleged in plaintiff's notice of motion, we hold that it states a cause of action, and that the municipal corporation has a right to offer any and all defenses that a private corporation would have under the same circumstances. The application of these rules for the determination of liability will sufficiently safeguard the municipality and will have a tendency to induce greater caution in the maintenance of swimming pools for the safety of invited guests."
In Volume 6 of McQuillin on Municipal Corporations, 2d Ed., it is said:
"The late cases, as the earlier ones, present conflict as to the question whether the municipal corporation in the maintenance of parks as places of recreation and resorts for the people is discharging a public or governmental duty or a duty purely proprietary and ministerial. In some states, the courts have refused to hold municipalities liable in damages for injuries received in public parks, on the theory that parks are not held for profit or emolument but that the municipality, in maintaining parks, is discharging a public governmental duty and not a private corporate function.
"On the other hand, as mentioned in many states the management of a public park, owned by and in the exclusive control *Page 594 
of the municipality, is regarded as a corporate duty, and negligence resulting in private injuries growing out of management thereof may be a ground of liability." Section 2850, pages 1185-1187.
"As already stated, in view of the tendency of late decisions and the development of the law on this subject, the rule will ultimately prevail that in maintaining parks, playgrounds,bathing pools and beaches, and like recreations, the city is performing a local function for its people and it should be held liable on the same basis as a private person or corporation." Section 2859, p. 1208. (Emphasis ours.)
It is our conclusion that in this state the operation by a[2] municipal corporation of a public swimming pool is purely proprietary and ministerial and not a governmental function, thus rendering the municipality liable in a proper case for the tortious acts of its officers and employees in such operation. Accordingly, the judgment of the District Court is reversed and the cause is remanded with directions to vacate the order sustaining the demurer to the complaint and for further proceedings in accord herewith.
Mr. Chief Justice Lindquist and Associate Justices Morris, Cheadle, and Angstman concur.