(November 8, 1965)

◼ Nick Berisky et al., Respondents, v. Louise Pacelli, Defendant. (Action No. 1.) Louise Carniglia et al., Appellants, v. Nick Berisky, Respondent, et al., Defendants. (Action No. 2 and Two Other Actions.) — In a negligence action, resulting from the collision of two automobiles in Orange County, plaintiffs in Actions Nos. 2 and 3, who are respectively residents of New York and Richmond Counties, and plaintiff in Action No. 4, a resident of Richmond County, appeal from an order of the Supreme Court, Orange County, entered November 12, 1964, which (1) granted the motion of plaintiffs in Action No. 1, who are nonresidents, for a joint trial of all four actions in Orange County (where Action No. 1 was pending); and (2) in effect denied the cross motions of plaintiffs in Actions Nos. 2, 3 and 4, for the removal of all the actions to New York County (where Action No. 2 had been commenced). Order affirmed, without costs. (See *Berisky* v. *Pacelli*, 24 A D 2d 870.) Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

◼ Nick Berisky et al., Respondents, v. Louise Pacelli, Defendant. (Action No. 1.) Louise Carniglia et al., Appellants, v. Nick Berisky et al., Defendants. (Action No. 2.) — In a negligence action resulting from the collision of two automobiles in Orange County, plaintiffs in Action No. 2, who are residents of New York County, appeal from an order of the Supreme Court, Orange County, entered October 21, 1964, which: (1) granted the motion of plaintiffs in Action No. 1, who are nonresidents, to consolidate the actions for trial in Orange County (where Action No. 1 was pending); and (2) denied their cross motion for a joint trial or consolidation of both actions in New York County (where Action No. 2 had been commenced). Order affirmed, without costs. In our opinion, the convenience of witnesses will be served if the consolidated action is tried in the county where the accident happened (*Miles* v. *Proper*, 255 App. Div. 793). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.